MEIER v. ROMULUS ALUMINUM FOUNDRY, INC.

1. Garnishment—Disclosure by Garnishee—Denial of Liability —Oral Examination—Demand by Plaintiff.

　Statements made by a garnishee defendant at his oral examination following his denial of indebtedness, does not constitute a waiver of right to question plaintiff's right to a judgment based on garnishment proceedings (GCR 1963, 738.9[5]).

2. Garnishment—Garnishee's Liability—Evidence at Trial.

　A garnishee may offer any competent evidence regarding his liability providing it does not controvert his original disclosure at the trial on the issue of garnishee's liability (GCR 1963, 738.11[4]).

Appeal from Wayne, Carl M. Weideman, J. Submitted Division 1 March 3, 1969, at Detroit. (Docket No. 3,245.) Decided July 28, 1969.

Garnishment proceeding by Milton A. Meier against Romulus Aluminum Foundry, Inc., a Michigan corporation, and Jacob W. Adams and Robert H. Miller, principal defendants, and Jack E. Russell, garnishee defendant. Default judgment against principal defendants. Judgment for plaintiff against garnishee defendant. Garnishee defendant appeals. Judgment vacated and cause remanded for the presentation of garnishee defendant's evidence.

REFERENCES FOR POINTS IN HEADNOTES

[1] 6 Am Jur 2d, Attachment and Garnishment §§ 350, 353.
[2] 6 Am Jur 2d, Attachment and Garnishment §§ 383, 449.

*Martin J. Ewald,* for plaintiff.

*Maurice M. Breen,* for garnishee defendant Jack E. Russell.

Before: Lesinski, C. J., and Fitzgerald and V. J. Brennan, JJ.

Per Curiam. This is an appeal by the garnishee-defendant, Jack E. Russell, from a judgment entered against him in the amount of $4,909.62.

In November of 1965, plaintiff, Milton A. Meier, took a default judgment in the amount of $4,909.62 against Romulus Aluminum Foundry, Inc. and others, based on certain promissory notes issued by the corporation. A writ of garnishment was then issued against Russell. When Russell's disclosure denied the existence of any indebtedness to the principal defendant, the plaintiff demanded an oral examination before a court reporter. Russell submitted to the examination without the assistance of counsel.

Plaintiff subsequently moved that judgment be entered in his favor, contending that certain statements elicited from Russell on examination constituted an admission of liability. Before entry of the judgment, Russell offered testimony designed to explain the meaning of his statements and to show that he was not indebted to the principal defendant. The trial court declined to hear this testimony and proceeded to base its factual determination entirely on the statements contained in the deposition.

GCR 1963, 738.9(5) provides that the personal appearance by the garnishee in response to a demand for examination does not constitute a waiver of his right to question the right of the plaintiff to a judg-

ment based on the garnishment proceedings. GCR 1963, 738.11(4) provides that upon trial of the issue of the garnishee's liability, the garnishee may offer any competent evidence provided it does not controvert the disclosure.

Under these rules Russell was entitled to an opportunity to adduce evidence supportive of his position. The trial court erred by denying him this opportunity. The judgment against the garnishee-defendant is therefore vacated, and the matter is remanded for the presentation of garnishee-defendant's evidence.

Costs to appellant.