AVSCO, INC. v SPECIALTY SOUNDS, INC.

1. GARNISHMENT—QUESTION OF FACT—SUMMARY JUDGMENT—COURT RULES.

There can be no summary judgment in a garnishment proceeding if there is a factual dispute, and summary judgment can only issue "to the extent of the admissions of the garnishee in his disclosure" (GCR 1963, 738.11[2]).

2. GARNISHMENT—QUESTION OF FACT—COURT RULES.

The appropriate action when there is a disputed issue of fact in a garnishment proceeding is to have a trial to determine that issue of fact and a court rule allows the plaintiff to take an oral examination of the garnishee or to take written interrogations from the garnishee (GCR 1963, 738.9[1], 738.10).

3. GARNISHMENT—SUMMARY JUDGMENT—HEARING—APPEAL AND ERROR.

Summary judgment against a garnishee defendant was improperly granted without holding a hearing where both sides are permitted to introduce competent evidence where there was a disputed question of fact regarding the liability of the garnishee defendant raised by the admissions in his disclosure (GCR 1963, 738.11[4]).

Appeal from Macomb, Edward J. Gallagher, J. Submitted Division 2 December 13, 1973, at Lansing. (Docket No. 17040.) Decided January 17, 1974.

Avsco, Inc., obtained a summary judgment against Specialty Sounds, Inc. Avsco, Inc., filed an affidavit for a writ of garnishment against Make-A-Tape, Inc., and Make-A-Tape, Inc., filed a disclosure admitting indebtedness but with a limited obligation to make installment payments. Sum-

REFERENCE FOR POINTS IN HEADNOTES

[1–3] 6 Am Jur 2d, Attachment and Garnishment §§ 9, 382.

mary judgment for plaintiff. Garnishee defendant appeals. Reversed.

*Roy W. Rogensues,* for plaintiff.

*Hill, Lewis, Adams, Goodrich & Tait* (by *Timothy D. Wittlinger),* for defendant.

Before: J. H. GILLIS, P. J., and R. B. BURNS and R. H. CAMPBELL,* JJ.

R. B. BURNS, J. Plaintiff, Avsco, Inc., obtained a summary judgment against the principal defendant, Specialty Sounds, Inc. Plaintiff then filed an affidavit for a writ of garnishment against the garnishee defendant, Make-A-Tape, Inc., alleging that the garnishee defendant was indebted to the principal defendant.

The garnishee defendant, Make-A-Tape, Inc., filed a disclosure to the writ of garnishment admitting that it was indebted to Specialty Sounds, Inc., for $32,637.23. It further indicated that payment of this debt was:

"specifically limited to periodic installments from, and only to the extent of, net profits of Make-A-Tape, Inc., to the extent any such installment can be paid without impairment to the net working capital of garnishee."

The plaintiff then filed a motion for judgment against the garnishee defendant. Judgment was granted against the garnishee defendant.

Garnishee defendant, Make-A-Tape, Inc., appeals.

On appeal, the appellant argues that the trial court erred by granting a judgment to the plaintiff. It appears that, in the case at bar, the appel-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

lant, Make-A-Tape, Inc., has been deprived of its right to a trial on the question of whether or not garnishment can issue immediately for the full amount of the obligation owed by Make-A-Tape to the principal defendant.

The appellee relies upon *Burch v Wargo,* 378 Mich 200; 144 NW2d 342 (1966), for the proposition that a trial court can grant a summary judgment against a garnishee defendant who has stated in his disclosure that nothing at all is owing to the principal defendant even if no interrogatories are served and there is no demand for an oral examination. The *Burch* case, however, specifically states that both counsel stipulated that there were no material issues of fact to be determined, 378 Mich at 206; 144 NW2d at 346, and the case was decided solely upon an interpretation of the two insurance policies in question.

This is not so in the case at bar. What is in dispute in this case is not a dispute of law. In the case at bar, there is no agreement as to the facts. The appellant claims, as indicated by its disclosure, that its obligation to Specialty Sounds matures only as it makes a profit. The appellee, on the other hand, claims that the disclosure is fraudulent and stated in a way to hinder the plaintiff in violation of MCLA 566.221; MSA 26.971, and that Make-A-Tape is really obligated to Specialty Sounds for the full amount that they list in their disclosure regardless of whether or not they make a profit.

GCR 1963, 738.11(2) provides:

"At any time after final judgment against the principal defendant, on such notice to the garnishee as is provided by court rule for the giving of notice of the hearing of motions, judgment, *to the extent of the admissions of the garnishee in his disclosure* may be

rendered against the garnishee on plaintiff's motion."
(Emphasis added.)

This provision for summary judgment in a garnishment proceeding clearly indicates that there can be no summary judgment if there is a factual dispute. Summary judgment in a garnishment proceeding can only issue "to the extent of the admissions of the garnishee in his disclosure".

The court rule indicates that the appropriate action when there is a disputed issue of fact is to have a trial to determine that issue of fact. GCR 1963, 738.9(1) allows the plaintiff to take an oral examination of the garnishee or to take written interrogatories from the garnishee.

GCR 1963, 738.10 deals with the trial. It provides:

"If the writ of garnishment is served after judgment, *the issue of the garnishee's liability shall be brought to trial in the same manner as other civil actions."* (Emphasis added.)

GCR 1963, 738.11(1) indicates that for the purpose of framing the issue:

" * * * the garnishment writ shall be considered a complaint by the plaintiff against the garnishee as defendant. *In the absence of the service of interrogatories on the garnishee or a request for an oral examination of the garnishee, the facts stated in the disclosure shall be accepted as true,* and other facts alleged in the affidavit shall be waived by the plaintiff * * * ." (Emphasis added.)

GCR 1963, 738.11(4) states:

"Upon the trial of the issue of the garnishee's liability, the plaintiff may offer the record of the garnishment proceedings or any other competent evidence supporting or controverting it. The garnishee may offer

any competent evidence not controverting the disclosure, or in the discretion of the court, he may be allowed to show errors and mistakes in the disclosure."

Thus, it seems clear that the trial court could not determine that the disclosure made by Make-A-Tape, Inc., was fraudulent, no matter how suspicious it looked, without holding a hearing where both sides were permitted to introduce competent evidence. This was not done. Thus, the trial court erred. See also 4 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), pp 627–628, indicating that the only judgment that can be granted against a garnishee defendant without a hearing is for those obligations admitted in the disclosure.

Reversed. Costs to appellant.

All concurred.