AMERICAN EMPLOYERS' INSURANCE COMPANY v MEDICAL
PROTECTIVE COMPANY

Docket No. 93127. Submitted October 21, 1987, at Detroit. Decided
January 19, 1988. Leave to appeal applied for.

Eon Shin, M.D., was found liable for $900,000 of damages in a
medical malpractice action. Shin's primary professional liabil-
ity insurer was Medical Protective Company, under a policy
with a limit of $200,000, and his excess liability insurer was
American Employers' Insurance Company, under a policy with
a limit of $1 million. American Employers brought an action in
Oakland Circuit Court against Medical Protective and Patter-
son & Patterson, Whitfield, Manikoff, Ternan & White, the law
firm hired by Medical Protective to defend Shin in the malprac-
tice action, alleging negligence and legal malpractice by defen-
dant law firm and that the law firm had acted as an agent of
Medical Protective. The trial court, Francis X. O'Brien, J.,
granted summary disposition in favor of defendant law firm,
ruling that plaintiff had failed to state a claim upon which
relief can be granted. Plaintiff appealed.

The Court of Appeals *held:*

Although an excess insurer such as plaintiff can in some
cases be held to be an equitable subrogee of the insured, it may
not sue the insured's defense attorney for legal malpractice. To
hold otherwise would acknowledge a direct duty owed by the
attorney to the excess insurer and would contradict the per-
sonal nature of the attorney-client relationship, which permits
an action for legal malpractice to accrue only to the attorney's
client.

Affirmed.

INSURANCE — EXCESS INSURERS — PRIMARY INSURERS — MALPRAC-
TICE.

An insurer providing coverage for an insured's professional liabil-
ity in excess of the limits in the insured's primary policy may

REFERENCES

Am Jur 2d, Attorneys at law §§ 197, 232.

Attorney's liability, to one other than his immediate client, for
consequences of negligence in carrying out legal duties. 45 ALR3d
1181.

not bring an action for negligence and legal malpractice against an attorney retained by the primary insurer to defend the insured in an action for professional malpractice.

*MacArthur, Cheatham, Acker & Smith, P.C.* (by *Charles C. Cheatham* and *Dwight R. Robinson*), for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *John P. Jacobs* and *Deanna E. Hazen*), for defendant Patterson & Patterson, Whitfield, Manikoff, Ternan & White.

Before: D. F. WALSH, P.J., and WEAVER and M. WARSHAWSKY,* JJ.

WEAVER, J. Plaintiff insurer appeals as of right from an order of the Oakland Circuit Court which granted summary disposition in favor of defendant law firm. We affirm.

I

Eon Shin, M.D., carried primary medical professional liability insurance of $200,000 with Medical Protective Company, a defendant herein. Dr. Shin also carried professional liability insurance of $1 million with the plaintiff insurer, American Employers' Insurance Company. When Dr. Shin was sued for medical malpractice, Medical Protective Company as primary insurer hired William Whitfield of the defendant law firm to defend the suit. The malpractice action resulted in a verdict and judgment against Dr. Shin for $900,000.

The plaintiff excess insurer then sued defendant law firm and the primary insurer alleging negligence and legal malpractice on the part of defendant law firm due to attorney Whitfield's alleged

---

* Circuit judge, sitting on the Court of Appeals by assignment.

failure to (1) recommend settlement within the primary insurer's policy limits, (2) advise Dr. Shin that he was in default because attorney Whitfield did not answer the amended complaint, (3) inform the excess insurer's counsel of the primary insurer's settlement authorization, and (4) advise Dr. Shin prior to trial of authority to settle within the primary insurer's policy limits. The plaintiff excess insurer also alleged that defendant law firm acted as an agent of the primary insurer and that plaintiff was subrogated to the rights of the insured physician against defendant law firm.

Upon motion by defendant law firm, the circuit court granted summary disposition on the basis that the excess insurer had no recognizable cause of action, MCR 2.116(C)(8). The plaintiff excess insurer appeals as of right.[1]

II

On appeal, the plaintiff excess insurer argues that the doctrine of equitable subrogation entitles it to pursue a malpractice action against defendant law firm, and that therefore the circuit court erred when granting summary disposition. To support its thesis, plaintiff asks this Court to extend the holding of *Commercial Union Ins Co v Medical Protective Co,* 426 Mich 109; 393 NW2d 479 (1986), which reasoned that an excess insurer is an equitable subrogee of the insured and may sue a primary insurer for its bad faith failure to defend or settle.

We are unable to extend the holding of *Commercial Union* as plaintiff requests. We note that *Commercial Union* declined to recognize, under

[1] The primary insurer, Medical Protective Company, was originally named as a defendant but was dismissed without prejudice after this appeal was filed.

the facts there presented, a direct duty cause of action in tort between the primary insurer and excess insurer. *Id.* at 123-124. Similarly, we decline to recognize such a duty between defense counsel and an excess insurer. See DR 5-107(B). See also *Valentine v Liberty Mutual Ins Co,* 620 F2d 583, 584, n 1 (CA 6, 1980). An attorney does not owe a duty of care to an adverse party in litigation. *Friedman v Dozorc,* 412 Mich 1, 22-26, 312 NW2d 585 (1981). While an excess insurer is not an adverse party in litigation, the interests of insurer and insured are not identical and may at times conflict.

Although the plaintiff excess insurer may be characterized as an equitable subrogee of the insured physician, it may not sue the insured's defense attorney for legal malpractice. To hold otherwise would in our judgment acknowledge a direct duty owed by the insured's attorney to the excess insurer and would be tantamount to saying that insurance defense attorneys do not owe their duty of loyalty and zealous representation to the insured client alone. Such a holding would contradict the personal nature of the attorney-client relationship, which permits a legal malpractice action to accrue only to the attorney's client. See *Moorhouse v Ambassador Ins Co, Inc,* 147 Mich App 412, 417; 383 NW2d 219 (1985). See also *Ins Co of North America v Forty-Eight Insulations, Inc,* 633 F2d 1212, 1225, n 25 (CA 6, 1980), cert den 454 US 1075 (1981), reh den 455 US 1009 (1982); *Apex Mutual Ins Co v Christner,* 99 Ill App 2d 153; 240 NE2d 742, 753 (1968). Such a holding would also encourage excess insurers to sue defense attorneys for malpractice whenever they are disgruntled by having to pay within limits of policies to which they contracted and for which they received premiums. Were this to occur, we

believe that defense attorneys would come to fear such attacks, and the attorney-client relationship would be put in jeopardy.

Testing the motion for summary disposition on the basis of the pleadings pursuant to MCR 2.116(C)(8), the plaintiff excess insurer's claim was so clearly unenforceable as a matter of law that no factual development could possibly have allowed recovery. *Harrison Twp v Calisi,* 121 Mich App 777, 781-782; 329 NW2d 488 (1982). Therefore the circuit court did not err in granting the motion in favor of defendant law firm.

Affirmed.