ADMIRAL INSURANCE COMPANY v COLUMBIA CASUALTY
INSURANCE COMPANY

Docket Nos. 111087, 114114, 117432, 117645, 117646. Submitted October 3, 1991, at Detroit. Decided May 18, 1992, at 9:25 A.M.

Admiral Insurance Company brought an action in the Federal District Court for the Eastern District of Michigan against Columbia Casualty Insurance Company, Robert J. Perrin, Mary F. Brewer in her capacity as personal representative of the estate of Gary G. Catron, and Frank W. Brochert, seeking a declaration of its liability with respect to a settlement entered in a wrongful death action brought in the Wayne Circuit Court by Brewer against Perrin in his capacity as the chief of police of the City of Southgate. Brewer thereafter filed a writ of garnishment in the Wayne Circuit Court against Admiral, seeking payment of the settlement. By stipulation, the federal court action was transferred to the Wayne Circuit Court and was consolidated with the garnishment action. The circuit court, Cynthia D. Stephens, J., granted Brewer summary disposition in the garnishment action, finding that Perrin was an executive officer of the City of Southgate within the meaning of the liability policy issued by Admiral to the city and thus was an insured under that policy; granted summary disposition for Brochert, an attorney who had been engaged by Columbia, issuer of an excess insurance policy to the city, to represent Perrin and who had negotiated the settlement with Brewer, holding that Admiral had failed to plead actionable claims of tortious interference with a contract or conspiracy to interfere with a contractual relationship; and granted summary disposition for Columbia, finding neither a basis for Admiral's tortious interference and conspiracy claims nor a basis for Admiral's claim for either indemnification by or contribution from Columbia. Admiral appealed. After the filing of the appeal of the order of summary disposition for Brochert, Brochert moved for

REFERENCES

Am Jur 2d, Appeal and Error §§ 397-399, 404, 820; Attachment and Garnishment §§ 558-572; Insurance § 1403.

See the Index to Annotations under Appeal and Error; Appellate Procedure Rules; Attachment or Garnishment; Insurance and Insurance Companies.

an award of attorney fees, which was granted. Admiral appealed. Brochert cross appealed. The appeals were consolidated.

The Court of Appeals *held:*

1. Although Admiral failed to supply either a transcript or a settled record of the hearing of Brewer's motion for summary disposition in the garnishment proceeding, review is appropriate because the issues raised are limited to questions of law. The trial court properly held that Perrin, as chief of police, was an executive officer within the meaning of the policy issued by Admiral and that Admiral was liable for the defense of Perrin. Because Admiral was given adequate opportunity to raise the issue of the reasonableness of the settlement but failed to present any evidence that the settlement was unreasonable and because the issue in the garnishment proceeding turned on the question of law regarding the meaning of the policy language, summary disposition without giving Admiral an opportunity to present further evidence was proper.

2. The trial court reached the right result when it granted Brochert summary disposition of Admiral's claims that he had tortiously interfered with its contract with Perrin and had conspired with Columbia to interfere with that contractual right. Because Admiral failed to plead the existence of a valid contract with Perrin, arguing instead that no such contractual relationship existed, there could be no tortious interference with a contract. Because there was no tortious interference with a contract, there could be no conspiracy to interfere with contract rights.

3. The trial court erred in awarding attorney fees to Brochert. The court was divested of jurisdiction to enter such an order when the appeal of the judgment was filed without the court having retained the right to enter an award of attorney fees. The order awarding fees must be vacated.

4. The trial court properly denied Admiral summary disposition of its claims against Columbia that sought either indemnification by or contribution from Columbia for any liability arising out of the settlement, and properly granted Columbia summary disposition dismissing those claims. The tortious interference and conspiracy claims against Columbia fail for the same reason that they failed against Brochert. Admiral failed to plead a valid basis for its claim of indemnification. The fact that Columbia undertook to defend and indemnify Perrin when Admiral refused to undertake the defense does not preclude it from denying liability with respect to payment of the settlement once Admiral's liability was established. Because Columbia was an excess insurer and Admiral was the primary in-

surer, the "other insurance" clauses in the respective policies do not apply and provide no basis for Admiral's claim for contribution.

Affirmed in part and reversed in part.

1. Appeal — Preserving Question — Transcripts.

An appellant in the Court of Appeals is required to secure a full transcript of all proceedings in the lower court unless excused by order of the trial court or by stipulation of the parties; however, the failure of an appellant to comply with that requirement does not preclude appellate review of questions of law (MCR 7.210[B]).

2. Garnishment — Summary Disposition — Questions of Law.

Summary disposition is proper in a garnishment action against an insurance company in which the insurer denies liability in its disclosure, but the denial of liability is based on a matter of contract interpretation for the court.

*Rutledge, Manion, Rabaut, Terry & Thomas, P.C.* (by *Alvin A. Rutledge*), for the Admiral Insurance Company.

*Vandeveer Garzia* (by *Robert D. Brignall*), for Columbia Casualty Insurance Company.

*Julie H. Hurwitz, P.C.* (by *Julie H. Hurwitz*), and *Steven T. Budaj, P.C.* (by *Steven T. Budaj*), for Mary F. Brewer.

*Plunkett & Cooney, P.C.* (by *John P. Jacobs, Joseph V. Walker,* and *Patrick M. Barrett*), for Frank W. Brochert.

Before: Shepherd, P.J., and Holbrook, Jr., and Connor, JJ.

Holbrook, Jr., J. Admiral Insurance Company appeals as of right from several orders entered in the Wayne Circuit Court in these consolidated cases involving garnishment and tort claims. We vacate the order awarding attorney fees, but affirm the remaining orders.

The underlying action that ultimately led to these appeals was brought by Mary Brewer against Southgate Police Chief Robert Perrin, several police officers, and the City of Southgate for the wrongful death of her son Gary Catron.[1] At the time of that suit, Southgate's primary insurer was Admiral. The city also had an excess policy issued by defendant Columbia Casualty Insurance Company. Admiral notified the city that it would not defend Perrin because it contended that the policy did not cover city employees. Columbia agreed to defend and indemnify the individual officers, including Perrin. Columbia retained defendant Frank Brochert to defend Perrin.

Ultimately, Brewer's claims against Perrin were concluded by entry of a consent judgment for $195,000. Brewer and Perrin also entered into an agreement whereby Perrin assigned to Brewer his rights to any claims against Admiral arising from its policy insuring Southgate, and Brewer agreed not to enforce the consent judgment against Perrin or the city.

Admiral then filed a complaint in federal district court against Columbia, Brewer, Brochert, and Perrin, seeking a declaration that it was not liable to defend or indemnify Perrin under its policy issued to Southgate. Admiral claimed that Columbia and Brochert acted in bad faith, and alleged conflict of interest, tortious interference with a contract, and conspiracy. Admiral also alleged that the settlement between Brewer and Perrin was the result of collusion and conspiracy between Brochert and Columbia to ensure that the settlement would be enforced solely against Admiral and not Columbia.

Sixteen days after Admiral filed its complaint,

---

[1] See *Brewer v Perrin,* 132 Mich App 520; 349 NW2d 198 (1984), for the facts concerning Catron's death.

Brewer filed a writ of garnishment against Admiral based on Perrin's claim of indemnification. Admiral's action was transferred to state court, and the two cases were consolidated.

In Brewer's garnishment action against Admiral, the trial court granted Brewer's motion for summary disposition, following Admiral's denial of liability.

The trial court granted Brochert's motion for summary disposition, dismissing Admiral's claims against him. Brochert then filed a motion against Admiral for attorney fees. The trial court held that it had jurisdiction over the issue, despite Admiral's filing of a claim of appeal. The court found that Admiral's action against Brochert was not frivolous from the outset, but that it lacked merit and should not have been maintained once discovery revealed that the claims against Brochert were factually unsupported. Pursuant to MCR 2.114 and MCL 600.2591; MSA 27A.2591, the court awarded Brochert attorney fees totaling $3,640.

The trial court entered an order granting Columbia's motion for summary disposition of Admiral's claims against it and denying Admiral's cross-motion for summary disposition against Columbia. The trial court found no factual or legal basis for Admiral's tortious interference claim or for its claims for contribution from Columbia.

The trial court dismissed without prejudice Admiral's claims against Perrin. Admiral does not appeal this order.

I

On appeal, Admiral raises four issues concerning the summary disposition in favor of Brewer's writ of garnishment. We consider these issues not pre-

served for appeal because Admiral failed to provide this Court with a settled statement of facts to substitute for the lost reporter's notes of the June 21, 1988, hearing at which the trial court made its ruling on the motion. MCR 7.210(B)(2); *Holtzlander v Brownell,* 182 Mich App 716, 722-723; 453 NW2d 295 (1990); *Nye v Gable, Nelson & Murphy,* 169 Mich App 411, 417; 425 NW2d 797 (1988). It is the appellant's obligation to secure the complete transcript of all proceedings in the lower court unless production of the full transcript is excused by order of the trial court or by stipulation of the parties. *Nye,* p 414; *Myers v Jarnac,* 189 Mich App 436, 444; 474 NW2d 302 (1991). This Court limits its review to the record provided on appeal and will not consider any alleged evidence or testimony that is not supported by the record presented to the Court for review. *Fetz Engineering Co v Ecco Systems, Inc,* 188 Mich App 362, 376; 471 NW2d 85 (1991).

MCR 7.210(B)(2) sets forth the procedures to settle a record where the lower court proceedings were transcribed but the parties are unable to obtain a copy from the reporter. There is no indication that Admiral either complied with these provisions or was excused from producing the transcript. Nevertheless, we consider review of the four issues appropriate given their legal, rather than factual, nature. Brewer does not contend that Admiral's failure to procure the transcript precludes review of the issues. Moreover, our analysis of the issues does not entail review of any alleged evidence or testimony, but is limited to questions of law.[2]

---

[2] Our decision to review these unpreserved issues should not be interpreted as a back door method of avoiding the court rules. To the extent that Admiral's issues depend on facts unascertainable on appeal, we decline review.

A

Admiral first argues that Perrin was not an "executive officer" of Southgate and thus was not covered by the insurance policy. Brewer asserts in her writ of garnishment that Perrin was covered by Admiral's policy. If Perrin was an executive officer, then Admiral's refusal to defend him binds it to pay any reasonable settlement made between Perrin and Brewer. *Alyas v Gillard,* 180 Mich App 154, 160; 446 NW2d 610 (1989); *Detroit Edison Co v Michigan Mutual Ins Co,* 102 Mich App 136, 144; 301 NW2d 832 (1980).

The pertinent provision of the policy states:

II. PERSONS INSURED

Each of the following is an insured under this insurance to the extent set forth below

\* \* \*

(c) if the Named Insured is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such. . . .

Whether a police chief is an executive officer for insurance liability purposes is an issue of first impression in this Court. Other jurisdictions have taken diverse routes to resolve the issue. One approach defines executive officers by analogy to cases construing that term in a private corporation context. See *Holm v Mutual Service Casualty Ins Co,* 261 NW2d 598 (Minn, 1977); *Pullen v Cincinnati Ins Co, Inc,* 400 So 2d 393 (Ala, 1981). Another approach defines that term by reference to a governmental structure, while finding that coverage was intended to members of the executive

branch of government. See *Ohio Casualty Group of Ins Cos v Gray,* 746 F2d 381, 385-386 (CA 7, 1984). We are convinced that the best approach is that taken in *Holm* and *Pullen.*

The insurance policy provision at issue in both *Holm* and *Pullen* is identical to the provision in the case at bar. In *Holm, supra,* p 601, the Minnesota Supreme Court concluded that an acting police officer was not an executive officer under the policy, but determined that executive officers were

> those persons whose position, power, and duties are established in the municipal charter and who are responsible for high-level governmental policy-making. Although somewhat broadly drawn, this definition would generally include a city's mayor or manager, councilmen, administrative board members, and department heads, while excluding employees whose duties are largely ministerial.

Likewise, in *Pullen, supra,* pp 398-401, executive officers included managerial positions and de facto department heads.

In this case, the Southgate city code defines the chief of police as the department head of the department of police, with responsibility for directing the work of the police force. The record indicates that Perrin was a policy maker with managerial responsibility for the police force. We are persuaded that Perrin was an executive officer for purposes of the insurance policy even though he performed his duties as police chief under the supervision of the public safety commission. *Pullen, supra.*

Admiral analogizes to governmental immunity law and maintains that the distinction between discretionary and ministerial duties should define whether a government employee is an executive officer. Governmental immunity for tort liability of

executive officers is limited to the highest executive officials. *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 592; 363 NW2d 641 (1984). However, a finding that Perrin was not the highest executive officer responsible for police affairs for purposes of tort immunity does not preclude a finding that he was an executive officer for purposes of insurance coverage. We conclude that the trial court did not err in finding that Perrin, as chief of police, was an executive officer under the insurance provision.

**B**

Admiral's next issue in the garnishment case is whether it was given an opportunity to prove that the settlement between Brewer and Perrin was unreasonable. Admiral relies on *Detroit Edison Co, supra,* p 146, for authority that it must have the opportunity to present evidence that the settlement was unreasonable before a judgment for the amount of the settlement is entered against it. However, *Detroit Edison Co* is distinguishable. That case was remanded to allow the insurance company the opportunity to present evidence of the settlement's unreasonableness after this Court ruled that the insurance company had the duty to defend the underlying defendant and was liable for any settlement. *Id.* The underlying plaintiff and defendant in that case had entered into a settlement after the circuit court declared that the insurance company was not compelled to defend the underlying defendant. Here, the record indicates that Admiral had the opportunity to raise the issue of the reasonableness of the settlement and did raise the issue before the trial court granted Brewer summary disposition. We find no error.

C

Admiral's third issue in the garnishment case is that the trial court erred in granting Brewer summary disposition despite the fact that Admiral had denied in its disclosure any obligation to indemnify Perrin.

If there is a dispute concerning a garnishee defendant's liability, the issue shall be tried in the same manner as other civil actions. MCR 3.101(M) (1). The garnishment affidavit acts as the plaintiff's complaint against the garnishee defendant, and the disclosure serves as the answer, thus framing the issues. MCR 3.101(M)(2).

After Brewer filed the writ of garnishment and the affidavit, Admiral filed its disclosure, which denied any obligation to defend or indemnify Perrin on the basis that he was not an insured under the insurance policy. The issue formed by these pleadings was whether Perrin was an executive officer for purposes of the insurance policy. Interrogatories were served and depositions taken.

MCR 3.101(M)(3) provides:

> Even if the amount of the garnishee defendant's liability is disputed, the plaintiff may move for judgment against the garnishee defendant to the extent of the admissions in the disclosure.

Consequently, summary disposition in a garnishment proceeding can issue only to the extent of the admissions of the garnishee in the disclosure. *Avsco, Inc v Specialty Sounds, Inc,* 51 Mich App 360, 363; 214 NW2d 843 (1974).

Summary disposition in *Avsco* was prematurely granted, because there was no agreement regarding the facts and the trial court could not determine whether the garnishee defendant's disclosure

was fraudulent without holding a hearing. *Id.* Similarly, in *Meier v Romulus Aluminum Foundry, Inc,* 18 Mich App 308; 170 NW2d 923 (1969), the plaintiff moved for judgment against the garnishee defendant, contending that certain statements by him constituted an admission of liability. This Court ruled that the trial court erred in granting judgment to the plaintiff, because the garnishee defendant was entitled to an opportunity to present evidence supporting his position. *Id.*

Summary disposition in this case was proper even though Admiral denied liability to Perrin, because the issue whether Perrin was an executive officer under the insurance policy is a question of law. The parties in this case do not disagree about the facts concerning Perrin's employment as the chief of police. Because the issue whether Perrin was an executive officer requires interpretation of the insurance contract, summary disposition was appropriate. *Burch v Wargo,* 378 Mich 200; 144 NW2d 342 (1966).

D

Admiral next contends that the trial court erred in granting Brewer summary disposition because Admiral raised a genuine issue of material fact concerning the reasonableness of the settlement between Perrin and Brewer.

A motion for summary disposition under MCR 2.116(C)(10) tests whether there is factual support for a claim. Giving the benefit of reasonable doubt to the nonmoving party, the court must determine whether a record might be developed which would leave open an issue upon which reasonable minds may differ. *Pemberton v Dharmani,* 188 Mich App 317, 320; 469 NW2d 74 (1991); *Petaja v Guck,* 178

Mich App 577, 578; 444 NW2d 209 (1989). The court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence available to it. *Maize v State Farm Mutual Automobile Ins Co,* 190 Mich App 106, 108; 475 NW2d 363 (1991).

Admiral contends that the trial court ignored evidence that, it claims, indicates bad faith or collusion. However, this evidence is irrelevant to the reasonableness of the settlement. See *Ford v Clark Equipment Co,* 87 Mich App 270, 278-279; 274 NW2d 33 (1978). While we agree with Admiral that this Court is liberal in finding a genuine issue of material fact, we find it unlikely that a record could be developed that would lead reasonable persons to differ concerning the reasonableness of the settlement. Admiral presented no evidence other than the irrelevant claims of bad faith and collusion that the $195,000 settlement for the wrongful death of Brewer's son was unreasonable.

II

Admiral also raises several issues concerning its case against Brochert. Brochert cross appeals the trial court's decision granting him attorney fees, arguing that the amount determined by the court is unreasonable.

A

Admiral contends that the trial court erred in granting Brochert summary disposition of its claim for tortious interference with a contract. The court, pursuant to MCR 2.116(C)(8), ruled that Brochert owed a duty to his client only, and not to Admiral. Alternatively, the court reasoned that Brochert's actions, taken on behalf of his client, were immune from tort liability.

Summary disposition against a claim may be granted on the ground that the opposing party "has failed to state a claim on which relief can be granted." MCR 2.116(C)(8). A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone. *Formall, Inc v Community National Bank of Pontiac,* 166 Mich App 772, 777; 421 NW2d 289 (1988). Summary disposition pursuant to this rule should be granted only where a claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery. *Pawlak v Redox Corp,* 182 Mich App 758, 763; 453 NW2d 304 (1990).

Admiral maintains that the trial court improperly relied upon *American Employers' Ins Co v Medical Protective Co,* 165 Mich App 657; 419 NW2d 447 (1988), in holding that no duty in contract or tort existed upon which to base Admiral's cause of action. *American Employers'* holds that no duty exists between an attorney and an excess insurer that could support a legal malpractice claim.[3] We agree, but find that the trial court reached the right result, albeit for the wrong reason. *Portice v Otsego Co Sheriff's Dep't,* 169 Mich App 563, 566; 426 NW2d 706 (1988).

Admiral's cause of action was for tortious interference with a contract, the elements of which are (1) a contract, (2) a breach, and (3) instigation of the breach without justification by the defendant. *Jim-Bob, Inc v Mehling,* 178 Mich App 71, 95-96; 443 NW2d 451 (1989). The trial court's reliance upon the nonexistence of a duty is irrelevant to these elements.

Nevertheless, because Admiral failed to plead

---

[3] Compare *Atlanta International Ins Co v Bell,* 438 Mich 512; 475 NW2d 294 (1991), where the Michigan Supreme Court refused to recognize an attorney-client relationship between an attorney hired by the primary insurer to defend its insured and the insurer.

the existence of a valid contract with Perrin, and the breach thereof, it failed to state a claim upon which relief could be granted. Indeed, Admiral claimed, and sought a declaration that, Perrin was not an insured under the policy issued to the City of Southgate. We conclude that the trial court did not err in granting, pursuant to MCR 2.116(C)(8), Brochert summary disposition of Admiral's claim of tortious interference with a contract.

B

Admiral next contends that the trial court erred in granting Brochert summary disposition of its claim of conspiracy. Admiral maintains that its complaint alleged that Brochert conspired with Columbia to interfere with Admiral's rights under its insurance contract with Perrin. Brochert contends that Admiral failed to allege any improper acts that could subject him to liability for conspiracy. We agree.

A civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means. *Feaheny v Caldwell,* 175 Mich App 291, 307; 437 NW2d 358 (1989); *Temborius v Slatkin,* 157 Mich App 587, 599-600; 403 NW2d 821 (1986). Admiral failed to state the existence of a contract between itself and Perrin, so there was no tortious interference with that relationship. Because Admiral has failed to state any tortious action, its conspiracy action must also fail. *Early Detection Center, PC v New York Life Ins Co,* 157 Mich App 618, 632; 403 NW2d 830 (1986). We conclude that Admiral's claim of conspiracy failed to state a claim upon which relief could be granted.

C

Next, Admiral argues that the filing of its claim of appeal of the order of summary disposition in favor of Brochert divested the trial court of jurisdiction to award Brochert attorney fees.

After a claim of appeal is filed, a trial court may not set aside or amend the judgment or order appealed from except by order of this Court, by stipulation of the parties, or as otherwise provided by law. MCR 7.208(A). This Court has applied this rule to prohibit a trial court from granting a party attorney fees or costs after the claim of appeal is filed, unless the order or judgment expressed an intention to grant such costs. *Wilson v General Motors Corp,* 183 Mich App 21, 41; 454 NW2d 405 (1990); *Vallance v Brewbaker,* 161 Mich App 642, 647-648; 411 NW2d 808 (1987). A trial court may determine the amount of costs to be taxed after a claim of appeal is filed, but only if the judgment provides for costs. MCR 7.208(C)(1); *Lincoln v Gupta,* 142 Mich App 615, 631; 370 NW2d 312 (1985).

In the present case, Admiral filed its claim of appeal on August 18, 1988. Brochert filed his motion for fees on August 25, 1988, and it was granted on April 28, 1989. The trial court's order of summary disposition for Brochert did not indicate an intention to award costs or attorney fees, so the court was without jurisdiction to award fees following Admiral's claim of appeal.

Brochert relies upon *Williams v Dep't of State Hwys,* 44 Mich App 51; 205 NW2d 200 (1972), and *Hull & Smith Horse Vans, Inc v Carras,* 144 Mich App 712; 376 NW2d 392 (1985), in arguing that under MCR 7.208(C), the trial court retains concurrent jurisdiction to perform any act until the record is filed in this Court. In *Williams, supra,* pp

62-63, this Court held that, pursuant to GCR 1963, 802.2(1), it was proper for the trial court to amend a judgment for the inclusion of interest. That ruling is severely undermined in light of the fact that MCR 7.208(A), which expressly deprives the trial court of jurisdiction, was not in effect at that time. In *Hull & Smith, supra,* p 721, this Court held that a court need not tax costs at the time an order or judgment is entered. However, the Court in *Hull & Smith* was not presented with the jurisdiction issue. Consequently, we reverse the trial court's order granting Brochert attorney fees. Given our resolution of this issue, we find it unnecessary to review the court's reasons for granting Brochert sanctions, or the amount awarded to him.

### III

Finally, we address Admiral's issues on appeal concerning its cause of action against Columbia.

### A

In its motion for summary disposition filed pursuant to MCR 2.116(C)(10), Admiral argued that it was entitled to complete indemnification as a result of Columbia's tortious interference with Admiral's insurance policy. Alternatively, Admiral claimed that Columbia, by its acts and deeds, became the primary insurer of Perrin and that Columbia therefore owed it either complete indemnification or contribution of a pro-rata share of any judgment payable to Brewer. Admiral appeals the court's denial of the motion. We review the court's decision to determine whether a record might be developed which would leave open an issue upon which reasonable minds may differ, giving the benefit of reasonable doubt to the nonmoving party. *Ante,* pp 310-311.

Admiral presents three arguments in support of its contention that the trial court erred in denying its motion. First, Admiral maintains that it proved its tortious interference claim. None of the deposition excerpts quoted by Admiral on appeal establish the existence of a contract, breach, or unjustified instigation of a breach. See *Jim-Bob, Inc, supra.*

Second, Admiral contends that Columbia, having undertaken to defend and indemnify Perrin, was equitably estopped from later denying liability. Equitable estoppel does prevent an insurer who undertakes the defense of an insured, knowing facts that might preclude its liability, from later denying liability. *Meirthew v Last,* 376 Mich 33; 135 NW2d 353 (1965); *Multi-States Transport, Inc v Michigan Mutual Ins Co,* 154 Mich App 549, 553-554; 398 NW2d 462 (1986). However, this doctrine was invoked to protect the insured in those cases. We decline to extend this estoppel doctrine to Admiral, particularly because it has failed to show any inducement on the part of Columbia. See *Schmude Oil Co v Omar Operating Co,* 184 Mich App 574, 581-582; 458 NW2d 659 (1990).

Third, Admiral claims that Columbia must contribute to the payment of the settlement between Perrin and Brewer because of the "other insurance" clauses in the policies of the two companies. We agree with Admiral that the proper treatment of a conflict between "other insurance" clauses of two insurance policies is to disregard the clauses and prorate each insurer's liability on the proportion of the combined policy limits. *Farm Bureau Mutual Ins Co v Horace Mann Ins Co,* 131 Mich App 98, 101-104; 345 NW2d 655 (1983); *Mary Free Bed Hosp & Rehab Center v Ins Co of North America,* 131 Mich App 105; 345 NW2d 658 (1983). However, this rule of law is inapplicable because

the two insurance policies in the present case do not conflict. Admiral's "other insurance" clause provides for pro-rata contribution when the other insurance applies to the loss on the same basis, i.e., as primary, excess, or contingent insurer. Admiral's "other insurance" clause also provides that its liability shall not be reduced when it is the primary insurer and the other insurance is applicable on an excess or contingent basis. Admiral's policy is for primary insurance. Columbia's policy specifically states that it provides excess insurance. Admiral's pro-rata clause does not apply to Columbia's policy. Admiral's third argument also fails. Thus, the court did not err in denying Admiral's motion for summary disposition.

B

The court granted Columbia's motion for summary disposition pursuant to MCR 2.116(C)(8) and (10). While a motion under MCR 2.116(C)(8) may be granted on the ground that the opposing party has failed to state a claim on which relief can be granted, summary disposition under MCR 2.116(C)(10) tests whether there is factual support for a claim.

Admiral again presents three arguments asserting why the court erred in granting Columbia summary disposition. First, Admiral claims that Columbia owed it a duty of good faith in accordance with accepted insurance standards. However, the Michigan Supreme Court refused to recognize such a duty between insurers in the absence of a contractual relationship. *Commercial Union Ins Co v Medical Protective Co,* 426 Mich 109, 124, 126; 393 NW2d 479 (1986).

Second, Admiral again contends that it proved its tortious interference claim against Columbia.

Again, we find no merit in this contention. See III A, *ante,* p 316.

Third, Admiral maintains that it stated a claim of conspiracy and raised material issues of fact that made summary disposition improper. However, just as Admiral failed to state a claim against Brochert by failing to state a valid underlying tort claim (see II B, *ante,* p 313), so too has it failed to state a claim against the alleged coconspirator Columbia. See *Early Detection Center, supra.* Admiral failed to state a claim of civil conspiracy upon which relief could be granted. Thus, the court did not err in granting Columbia summary disposition.

IV

The court's orders in favor of Brewer and Columbia are affirmed. The court's order granting Brochert summary disposition is affirmed. The court's order granting Brochert attorney fees is vacated.

Affirmed in part and reversed in part.