**OLD REPUBLIC NATIONAL TITLE INSURANCE CO., Plaintiff,**

v.

**BANK OF EAST ASIA LTD, et al., Defendants.**

**No. 3:01–CV–1772 (SRU).**

United States District Court, D. Connecticut.

Feb. 24, 2003.

Frank J. Silverstri, Jr., Marie A. Casper, Zeldes, Needle & Cooper, Bridgeport, CT, Joseph C. Hutchinson, Mead Westvaco, Stamford, CT, for plaintiff.

William H. Champlin, III, Tyler Cooper & Alcorn, Hartford, CT, Scott S. McKessy, Reed Smith, New York City, for Bank of East Asia, Ltd., defendant.

Frank G. Usseglio, Laura Flynn Baldinio, Updike, Kelly & Spellacy, P.C., Hartford, CT, for M. Dean Montgomery, Bentley, Mosher, Babson & Lambert, PC, defendants.

Francis Donnarumma, Waterbury, CT, Kenneth Sussmane, Sussmane & Zapfel, New York City, for TCRM Advisors, Inc., TCRM Commercial Corp., defendants.

## ORDER OF CERTIFICATION TO THE CONNECTICUT SUPREME COURT

UNDERHILL, District Judge.

This lawsuit arises out of an allegedly fraudulent real estate loan transaction. Old Republic National Title Insurance Company ("Old Republic"), on its own behalf and as subrogee of Eastern Savings Bank ("Eastern"), sued various parties who played some role in the loan transaction. Among the defendants are Attorney M. Dean Montgomery ("Montgomery") and the law firm of Bentley, Mosher, Babson & Lambert, P.C. ("Bentley, Mosher") (Montgomery and Bentley, Mosher will be referred to collectively as the "Law Firm defendants"). The Law Firm defendants represented Eastern, the defrauded lender, in connection with the loan. The Law Firm defendants have moved to dismiss the legal malpractice claim brought against them by Old Republic, arguing that an insurer bringing a claim as subrogee of its insured does not have standing to sue its insured's counsel for legal malpractice. For the reasons set forth below, this unsettled question of Connecticut law is hereby certified to the Connecticut Supreme Court under Conn. Gen.Stat. § 51–199b.

*Facts Relevant to the Certified Question*

The loan transaction at issue took place in October 1998. Old Republic alleges that defendant Margaret Lee ("Lee") prepared a fraudulent application for a loan and mortgage on a parcel of property located in Greenwich, Connecticut (the "Premises"), which was owned by her sister, Nancy Chang ("Chang"). Lee allegedly prepared two powers of attorney bearing the forged signatures of Chang. The forged powers of attorney purported to authorize Lee to mortgage the Premises.

The loan closing occurred on October 2, 1998. The Law Firm defendants acted as legal counsel for Eastern at the closing. Pursuant to a written agency agreement between Old Republic and Montgomery and pursuant to Conn. Gen.Stat. § 38a–402(13), Montgomery acted as the title agent for Old Republic at the closing. None of the Law Firm defendants had an express agreement to act as Old Republic's legal counsel in connection with the loan transaction.

At the closing, it is alleged that Lee, acting pursuant to a forged power of attorney, fraudulently executed various mortgage and loan documents purportedly on behalf of Chang. Old Republic claims that, based upon the forged power of attorney and fraudulent mortgage and loan documents, Eastern made a loan, secured by a mortgage on the Premises, in the amount of $975,000. Thereafter, Eastern allegedly wired part of the loan proceeds ($946,682.53) to an account under the control of Montgomery at People's Bank in Connecticut. After disbursing a sum to pay brokerage fees, Montgomery disbursed the remaining funds to Lee through checks drawn on People's Bank. The checks were allegedly deposited by Lee and processed by the defendant Bank of East Asia, where Lee had set up fraudulent bank accounts.

Eastern allegedly received two loan payments through automatic withdrawals from one of Lee's Bank of East Asia accounts. The remaining funds are alleged to have been withdrawn by Lee without the knowledge or authority of Chang.

On or about January 19, 1999, Chang contacted Montgomery and advised him that she had not executed a power of attorney in favor of Lee, had not authorized the mortgage to be placed on the Premises, and had not received any of the mortgage proceeds. On February 16, 1999, Eastern filed a claim with Old Republic under the title insurance policy issued by Old Republic at the closing. Old Republic claims that, in September 1999, it paid Eastern $975,000 in settlement of a claim made by Eastern on the title insurance policy issued in connection with the closing of the loan and mortgage on the Premises. Old Republic further claims that, by means of a written settlement agreement between itself and Eastern, dated September 24, 1999, Old Republic obtained subrogation rights to any claims that Eastern had as a result of the fraudulent loan transaction.

In its Amended Complaint, Old Republic, acting as subrogee of Eastern, has brought a legal malpractice claim against the Law Firm defendants. In particular, Old Republic claims that the Law Firm defendants breached their professional duties to Eastern by proceeding with the closing of the loan and mortgage on the Premises, and by distributing loan funds, based on a power of attorney that was "on its face invalid, improperly drafted and executed" and used under "circumstances giving notice of fraud."

*Discussion*

On November 21, 2001, the Law Firm defendants filed a motion to dismiss the legal malpractice claim against them. They assert that Old Republic has no standing to bring a legal malpractice claim against them as a subrogee of Eastern.

The question whether an insurer, acting as subrogee, can bring a legal malpractice claim against the insured's counsel may be determinative of the legal malpractice claim in this case, but there is no controlling appellate decision, constitutional provision or statute that governs this question of Connecticut law. Accordingly, the prerequisites for certification to the Connecticut Supreme Court are satisfied. Conn. Gen.Stat. § 51–199b(d). Certification is especially appropriate because resolution of this issue requires a balancing of important state policy concerns.

"Determining when attorneys should be held liable to parties with whom they are not in privity is a question of public policy." *Krawczyk v. Stingle*, 208 Conn. 239, 245, 543 A.2d 733 (1988) (citation omitted). In general, the policy of Connecticut has been that "attorneys are not liable to persons other than their clients for the negligent rendering of services." *Id.* at 244, 543 A.2d 733. Nevertheless, the Connecticut Supreme Court has recognized some exceptions to this general rule. *See Stowe v. Smith*, 184 Conn. 194, 441 A.2d 81 (1981) (holding that beneficiaries can state claims against attorney who drafted a will providing for less generous share of estate than testatrix's expressed intention). When deciding whether third parties can sue for legal malpractice, "courts have looked principally to whether the primary or direct purpose of the transaction was to benefit the third party. Additional factors considered have included the foreseeability of harm, the proximity of the injury to the conduct complained of, the policy of preventing future harm and the burden on the legal profession that would result from the imposition of liability." *Krawczyk*, 208 Conn. at 245–46, 543 A.2d 733.

Recognizing these factors, and predicting how the Connecticut Supreme Court would rule, the Second Circuit Court of Appeals has held that an excess insurer cannot sue the lawyer hired by the primary insurer to defend the insured. *Continental Casualty Co. v. Pullman, Comley,*

*Bradley & Reeves,* 929 F.2d 103 (2d Cir. 1991). The Law Firm defendants argue that *Continental Casualty* precludes Old Republic's legal malpractice claim in this case. *Continental Casualty,* however, has been criticized. *See, e.g., National Union Ins. Co. v. Dowd & Dowd, P.C.,* 2 F.Supp.2d 1013,1024 (N.D.Ill.1998) (excess insurer should be allowed to proceed against its insured's defense attorney under the doctrine of equitable subrogation, "otherwise a negligent attorney can escape the consequences of his misconduct, merely because the insured lacks the economic incentive to sue.").

In addition, even assuming that the Second Circuit correctly predicted how the Connecticut Supreme Court would rule in the excess insurer context, it is not clear that the holding in *Continental Casualty* applies in the present context. First, the factual context in *Continental Casualty* differs from the factual context in this case. In *Continental Casualty,* the loyalty of the attorney was to the insured alone, not also to the excess insurance carrier. In contrast, in the real estate closing context, lawyers have been recognized to have dual loyalties under certain circumstances. *See Westport Bank and Trust Co. v. Corcoran, Mallin and Aresco,* 221 Conn. 490, 605 A.2d 862 (1992). There the Connecticut Supreme Court recognized that, in this state, "banks often rely on the skill and judgment of a single loan closing attorney to conduct a title search and issue a title opinion." *Id.* at 497, 605 A.2d 862. In that event, the "two parties seek the same result, namely, that no encumbrance on the property will interfere with the granting of the loan. This supports the view that an attorney could reasonably view his relationship with the lender and the borrower as nonadversarial." *Id.* In short, real estate closings involve different relationships and thus different policy considerations than do dealings among insureds and their primary and excess insurance carriers. In the typical residential mortgage loan transaction, the interests of title insurer and lender converge so completely that a strong argument can be made that Old Republic was a foreseeable third-party whose interests were allied with Eastern's.

Second, the legal context of *Continental Casualty* differs from the legal context of this case. The *Continental Casualty* case involved equitable subrogation, rather than contractual subrogation, and therefore raised different policy considerations than does this case. *Continental Casualty,* 929 F.2d at 106–07. There is no doubt that Eastern could have brought a malpractice claim against the Law Firm defendants, and it is not clear why, under Connecticut law, Eastern's contractual subrogee could not pursue such a claim. Certainly, this court has found no Connecticut appellate authority to suggest that an insurer can never pursue a legal malpractice claim as subrogee for its insured. Still, the Second Circuit may correctly have predicted that the public policy of Connecticut will not permit the present suit because doing so might encourage insurers to bring legal malpractice claims whenever they are disgruntled about paying large insurance claims. *See id.* at 107 (quoting *American Employers' Ins. Co. v. Medical Protective Co.,* 165 Mich.App. 657, 419 N.W.2d 447, *appeal denied,* 431 Mich. 856 (1988)).

Given the serious policy implications underlying decisions of this issue and the profound impact that a ruling on the certified question may have on countless real estate closings in Connecticut, the court concludes that it should certify the question rather than attempting to predict how the Connecticut Supreme Court would rule.

*Counsel of Record*

The parties with an interest in the certi-

fied question[1] are: Old Republic National Title Insurance Co., M. Dean Montgomery, and Bentley, Mosher, Babson & Lambert, P.C. Their respective counsel are:

Frank J. Silvestri, Jr.
Marie Casper
Zeldes, Needle & Cooper
1000 Lafayette Boulevard
Bridgeport, CT 06604

Counsel for Old Republic

Laura F. Baldini
Frank G. Usseglio
Updike, Kelly & Spellacy, P.C.
One State Street
Hartford, CT 06123–1277

Counsel for the Law Firm defendants

*Conclusion*

For the foregoing reasons, and pursuant to Conn. Gen.Stat. § 51–199b, it is hereby ordered that the clerk transmit to the Connecticut Supreme Court a Certificate in the form attached and, if requested to do so by the Connecticut Supreme Court, the clerk shall deliver all or part of the record of this case to the Connecticut Supreme Court for its use in deciding the question of law certified.

It is so ordered.

---

1. The following parties to this lawsuit have no apparent interest in the certified question: Bank of East Asia Limited, Margaret L. Lee, John Cheng, Sinowest Financial Services, TCRM Advisors and TCRM Commercial Corp. Should the Connecticut Supreme Court want to receive the names and addresses of counsel of record for any of these additional parties, *see* Conn. Gen.Stat. § 51–199b(f)(4), the clerk of this court is authorized to provide that information.