STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v
AUTO-OWNERS INSURANCE COMPANY

Docket No. 100747. Submitted May 4, 1988, at Marquette. Decided
June 1, 1988.

   Auto-Owners Insurance Company issued a garage liability insur-
   ance policy to Jack F. and Cheryl Lee Poynter, doing business
   as Dan's Used Car Sales. The policy excluded coverage for
   vehicles rented by the insured to third persons. The Poynters
   rented a motor home to Robert Thomas, who purchased from
   State Farm Mutual Automobile Insurance Company a special
   renter rider for the motor home and who had insurance on his
   personal vehicle through State Farm. Thomas permitted Patri-
   cia Ann Chosa to drive the motor home. While she was driving
   the motor home was involved in an accident resulting in
   injuries to Theresa M. Anderson. State Farm brought an action
   against Auto-Owners and the Poynters in the Marquette Cir-
   cuit Court for a declaratory judgment that Auto-Owners was
   liable for coverage. Anderson intervened as a plaintiff. The
   court, Edward A. Quinnell, J., granted judgment for defen-
   dants. Anderson appealed.

   The Court of Appeals held:

   1. The exclusion from coverage in the Auto-Owners policy is
   not invalid per se simply because it is not specifically men-
   tioned in the no-fault act.

   2. The requirements of the no-fault act were validly met by
   the Auto-Owners policy and the State Farm special rider.

   Affirmed.

1. INSURANCE — NO-FAULT — EXCLUSIONS.

   An exclusion from coverage in a no-fault policy which is not
   specifically mentioned in the no-fault act is not invalid per se.

2. INSURANCE — NO-FAULT.

   The requirements for a motor vehicle liability policy may be

REFERENCES
Am Jur 2d, Automobile Insurance §§ 340 et seq.
See the Index to Annotations under Automobile Insurance; Exemp-
tions and Exclusions; No-Fault Insurance.

fulfilled by the policies of more than one insurance carrier (MCL 257.520[j]; MSA 9.2220[j]).

*Stewart, Peterson, Sheridan & Nancarrow* (by *Brian D. Sheridan*), for Theresa M. Anderson.

*Mouw & Celello, P.C.* (by *Paul D. Poulson*), for Auto-Owners Insurance Company.

Before: Beasley, P.J., and Sawyer and Weaver, JJ.

Per Curiam. Intervening plaintiff, Theresa M. Anderson, appeals as of right from a June 29, 1987, declaratory judgment in favor of defendant, Auto-Owners Insurance Company. Plaintiff State Farm Mutual Automobile Insurance Company had sought a declaratory judgment that a garage liability insurance policy issued by Auto-Owners to Jack F. and Cheryl Lee Poynter, doing business as Dan's Used Car Sales, provided coverage to the Poynters and that an insurance policy issued by State Farm did not.

The Poynters owned and operated an automobile dealership named Dan's Used Car Sales. On or about May 20, 1983, the Poynters rented a 1973 Dodge motor home to Robert Thomas for a one-week period beginning May 20, 1983, and ending May 28, 1983. On May 26, 1983, Thomas permitted Patricia Ann Chosa to drive the motor home. While Chosa was driving, the vehicle collided with an automobile operated by Theresa Anderson, who filed a suit alleging personal injuries resulting from the collision. Anderson named Thomas, Chosa and the Poynters, among others, as defendants.

At the time of the collision, the Poynters were covered by a garage liability policy issued by Auto-Owners, which provided:

> Coverages A [Bodily Injury Liability] and B shall not apply: . . .
>
> b) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of any . . .
>
> 2) automobile . . .
>
> (ii) while leased or rented to others by the named insured unless such lease or rental is to a salesman for use principally in the business of the named insured or unless the automobile is in the custody of the named insured for pick up, delivery, service or repair in connection with such lease or rental; . . . .

At the time of the collision, Thomas carried insurance on his personal automobile issued by State Farm. Thomas also purchased from State Farm a special renter rider that provided liability coverage for the one week that he rented the Dodge motor home.

After Anderson brought her personal injury action, State Farm filed the instant complaint seeking a declaratory judgment. Anderson moved to intervene in the action and various counter- and cross-complaints and motions for summary disposition were filed.

On June 29, 1987, the trial court entered a final judgment in the case denying State Farm's motion for declaratory judgment. The court found that the insurance policy issued by State Farm provided coverage for all of the defendants in the principal action. The court entered judgment in favor of defendant Auto-Owners and the Poynters and against State Farm and Anderson.

On appeal, Anderson argues that the trial court erred when it held that the Auto-Owners policy did not cover any liability the Poynters might have incurred in the collision. Anderson, citing

*DAIIE v Irvine,*[1] claims that public policy prevents an automobile liability insurance policy from containing exclusions not specifically authorized by the Legislature. In *Irvine,* the Court held void a provision in an automobile insurance policy that excluded coverage to any automobile while operated in any prearranged race or speed contest. The *Irvine* Court relied upon *State Farm Mutual Automobile Ins Co v Sivey*[2] for the maxim of statutory construction that "the express mention of one thing implies the exclusion of other similar things."[3] The *Irvine* Court went on to hold that, because the motor vehicle insurance statutes provided for some exclusions but not for "prearranged race" exclusions, the exclusion was invalid and unenforceable. The Court stated:

> Defendant has pointed out no legislative authorization for the exclusionary clause that it seeks to use to avoid its liability and our examination of the applicable statutes discloses none. Thus, because the effect of the exclusionary clause's operation would be to limit the coverage required by the motor vehicle financial responsibility law, the clause is against public policy and void.[4]

First, we note that, since *Sivey,* the Supreme Court has stated that an exclusion not specifically mentioned in the no-fault act is not per se invalid.[5]

Second, operation of the within exclusion would not limit the coverage required by the motor vehi-

---

[1] 92 Mich App 371; 284 NW2d 535 (1979).

[2] 404 Mich 51; 272 NW2d 555 (1978).

[3] *Irvine, supra,* pp 375-376.

[4] *Id.* at 376.

[5] In *Powers v DAIIE,* 427 Mich 602; 398 NW2d 411 (1986), five justices indicated that an "owned vehicle" exclusion was not per se invalid.

cle financial responsibility law.[6] The requirements
for a motor vehicle liability policy may be fulfilled
by the policies of more than one insurance car-
rier.[7] When Thomas rented the motor home from
the Poynters, he obtained a rider from State Farm
that extended the insurance policy covering his
personal automobile to cover the motor home for
the rental period. Taken together, Thomas' State
Farm policy and the Poynters' Auto-Owners ga-
rage liability policy provided continuous insurance
coverage to the Dodge motor home, as required by
the motor vehicle financial responsibility law.

Accordingly, we find valid the rental exclusion
contained in the Auto-Owners policy and affirm
the judgment of the trial court.

Affirmed.

[6] MCL 257.520(b)(2); MSA 9.2220(b)(2).

[7] MCL 257.520(j); MSA 9.2220(j).