LEAGUE GENERAL INSURANCE COMPANY v BUDGET RENT-A-CAR OF DETROIT

Docket No. 101383. Submitted May 11, 1988, at Detroit. Decided November 8, 1988. Leave to appeal applied for.

An automobile owned by Budget Rent-A-Car of Detroit became involved in an accident while it was being operated by twenty-year-old Michelle Humphrey, resulting in injury to Humphrey and her passenger, Peter Strong, who had asked Humphrey to drive him home in the automobile rented by his mother, Dorothy Strong. The rental agreement executed by Dorothy Strong included insurance provided by St. Paul Fire & Marine Insurance Company, Budget's insurer under a policy providing coverage to any person who uses a Budget automobile with Budget's permission. However, the agreement stated that, except for the renters named in the agreement (Dorothy and Peter Strong), no one under the age of twenty-one was allowed to use the automobile. Peter Strong, seeking to recover damages for his injuries, brought an action against Budget, St. Paul Fire & Marine and Humphrey and her insurer, Lake States Mutual Insurance Company. Dorothy Strong's insurer, League General Insurance Company, then brought an action for declaratory relief in Wayne Circuit Court against Budget, St. Paul Fire & Marine, Lake States Mutual, the Strongs and Humphrey. St. Paul Fire & Marine filed a cross-claim against Lake States, arguing that Humphrey was excluded from coverage under St. Paul Fire & Marine's policy because she was not an authorized operator under the rental agreement. The trial court, Lucile A. Watts, J.,entered a judgment in favor of St. Paul Fire & Marine on its cross-claim against Lake States. Lake States appealed.

The Court of Appeals held:

The implicit exclusion from coverage by St. Paul Fire &

REFERENCES

Am Jur 2d, Automobile Insurance §§ 248 et seq., 340 et seq.

Motor vehicle insurance: exclusionary provision relating to age of operator. 83 ALR2d 1236.

Representations as to age or identity of persons who will drive vehicle, or as to extent of their relative use, as avoiding coverage under automobile insurance policy. 29 ALR3d 1139.

Marine of all drivers under the age of twenty-one who are not named in the rental agreement violates the public policy behind the financial responsibility act. Coverage under the St. Paul Fire & Marine policy extends to Humphrey and it is St. Paul Fire & Marine which must defend Humphrey against Peter Strong's personal injury action.

Reversed.

AUTOMOBILES — LIABILITY INSURANCE — EXCLUSIONS — PUBLIC POLICY.

The exclusion of a driver of a rented automobile who is under the age of twenty-one, if such driver was not named as a renter under the agreement between an automobile rental agency and a renter, from coverage under an automobile liability policy issued to the automobile rental agency, which policy expressly provided coverage to any person who uses a rented automobile with the rental agency's permission, violates the public policy behind the financial responsibility act and is unenforceable (MCL 257.501 *et seq.*; MSA 9.2201 *et seq.*).

*Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C.* (by *Susan Healy Zitterman* and *James D. Zazakis*), for St. Paul Fire & Marine Insurance Company.

*Googasian, Hopkins, Rogers, Carlson & Hohauser* (by *Stephen J. Hopkins*), for Lake States Mutual Insurance Company.

Before: GRIBBS, P.J., and MAHER and J. L. BANKS,* JJ.

PER CURIAM. Appellant Lake States Mutual Insurance Company appeals as of right from an order of declaratory judgment in favor of appellee St. Paul Fire & Marine Insurance Company. This case involves questions of insurance coverage. We reverse.

The underlying facts are not in dispute. An automobile owned by Budget Rent-A-Car was rented by Dorothy Strong for use by her son, Peter

* Circuit judge, sitting on the Court of Appeals by assignment.

Strong. The rental agreement, which was signed by Mrs. Strong, listed Peter as the only additional driver. Among numerous other exclusions, the rental agreement stated that, except for the named insured, no one under the age of twenty-one was allowed to use the rental vehicle. Budget was insured by St. Paul Fire & Marine Insurance Company. St. Paul's insurance policy provides coverage for any person who uses a Budget automobile with Budget's permission.

Peter Strong drove the rental car to a party, where he became intoxicated. Peter gave his consent to his girlfriend, twenty-year-old Michelle Humphrey, to drive him and the car home. While Michelle was driving the car, it was involved in an accident. Both Michelle and Peter were injured.

Peter sued, seeking recovery from Budget's insurer, St. Paul, and from Michelle's insurer, Lake States. League General Insurance Company, Mrs. Strong's insurer, then brought an action for declaratory relief against Budget Rent-A-Car, St. Paul, Lake States and others. In the second action, St. Paul cross-claimed against Lake States, arguing that Michelle was excluded from coverage under St. Paul's policy because she was an unauthorized operator under the rental agreement. The trial court found that St. Paul was not Michelle Humphrey's insurer and that St. Paul had no duty to defend her against Peter Strong's claims.

Although the parties raise several issues, we believe that the pivotal question is whether all drivers who are less than twenty-one years old may be excluded from a rental agency's insurance coverage in this manner. We conclude that they may not.

As a general rule, any clause in an insurance policy is valid as long as it is clear, unambiguous and not in contravention of public policy. *Raska v*

*Farm Bureau Mutual Ins Co of Michigan,* 412 Mich 355; 314 NW2d 440 (1982). The owner of a motor vehicle is not ordinarily liable for any injury occasioned by the negligent operation of his motor vehicle unless the vehicle is being driven with his express or implied consent or knowledge. MCL 257.401; MSA 9.2101. See also *DAIIE v Swift,* 11 Mich App 166, 169; 160 NW2d 738 (1968).

However, in this case we believe that St. Paul has attempted to circumvent the purpose of the no-fault act by indirectly excluding whole classes of unnamed drivers who could not be directly excluded from coverage.

Our Supreme Court has explained the legislative intent behind the no-fault statute in some detail. See *State Farm Mutual Automobile Ins Co v Ruuska,* 412 Mich 321, 335-337; 314 NW2d 184 (1982). When an accident occurs in this state, the scope of the liability coverage required in an insurance policy is determined by Michigan's financial responsibility act, MCL 257.501 *et seq.;* MSA 9.2201 *et seq. State Farm Mutual Automobile Ins Co v Ruuska,* 90 Mich App 767, 772; 282 NW2d 472 (1979), aff'd 412 Mich 321; 314 NW2d 184 (1982).

The financial responsibility act indicates a broad requirement of liability insurance. Where an insurance policy contains an exclusionary clause that was not contemplated by the Legislature, that clause is invalid and unenforceable. *DAIIE v Irvine,* 92 Mich App 371, 373-374; 284 NW2d 535 (1979), lv den 407 Mich 963 (1980).

Liability coverage may be excluded when a vehicle is operated by a named person. MCL 257.520; MSA 9.2220. *Ruuska,* 412 Mich 337; *Irvine, supra,* p 375. However, an exclusionary provision that excludes coverage of any driver under twenty-five years of age is contrary to public policy and there-

fore invalid. *Cadillac Mutual Ins Co v Bell,* 50 Mich App 144; 212 NW2d 816 (1973).

Here, the policy language ostensibly covers anyone who drives a rental car with Budget's consent. However, we do not doubt that St. Paul gave Budget a lower rate because of the extensive list of excluded drivers. Nor is there any doubt that St. Paul is the real party in interest in this matter, as evidenced by this suit, since St. Paul is the one who stands to benefit from enforcement of these exclusions.

Michigan courts take a dim view of exclusionary clauses which would operate to violate the public policy of the financial responsibility act. *Tahash v Flint Dodge Co,* 115 Mich App 471, 476; 321 NW2d 698 (1982), lv den 418 Mich 878 (1983). Here the exclusion is implicit in the coverage offered by St. Paul. Equity will not permit that to be done by indirection which, because of public policy, cannot be done directly. *Daley v City of Melvindale,* 271 Mich 431, 436; 260 NW 898 (1935); *Corkins v Ritter,* 326 Mich 563, 568; 40 NW2d 726 (1950).

The law in Michigan clearly forbids the implicit exclusion from an insurance policy of an entire class of unnamed drivers. *Bell, supra,* p 146. Moreover, there are policy considerations in favor of insuring good samaritan drivers who come to the aid of those disabled by intoxication or sickness. For these reasons, we are unable to countenance St. Paul's attempt to exclude Michelle Humphrey from coverage under Budget's policy. We conclude that St. Paul was, in fact, Ms. Humphrey's insurer and reverse the decision of the lower court.

Reversed.