NATIONAL INDEMNITY COMPANY v BUDGET RENT A CAR
SYSTEMS, INC

Docket No. 128552. Submitted March 10, 1992, at Detroit. Decided
July 21, 1992, at 9:00 A.M.

National Indemnity Company, the excess automobile liability
insurer of Priscilla Dunlap, brought an action in the Oakland
Circuit Court against Budget Rent A Car Systems, Inc., and
Transamerica Insurance Company, seeking reimbursement of
monies it paid toward the settlement of a personal injury
action by a person injured by Dunlap while she was driving an
automobile rented from Budget. In addition to excess bodily
injury liability coverage by National and primary bodily injury
liability coverage by her personal automobile insurer, Dunlap
had residual bodily injury liability coverage from Budget.
Budget was self-insured for owner liability and had excess
liability coverage by Transamerica. The National policy and
the Transamerica policy contained "other insurance" clauses in
which each insurer stated that its coverage was excess to any
other collectible insurance. Toward the settlement, National,
Budget, and Dunlap's automobile insurer, contributed their
respective policy limits and Transamerica paid the balance.
The court, John N. O'Brien, J., granted summary disposition
for National. Budget and Transamerica appealed.

The Court of Appeals *held:*

The trial court erred in granting summary disposition for
National. The proper treatment of a conflict between "other
insurance" clauses of two applicable insurance policies, either
of which would cover a specific loss if the other policy did not
exist, is to declare the clauses mutually repugnant and to
prorate each insurer's liability on the basis of its share of the
combined policy limits. The case must be remanded for a pro-
rata allocation of the excess insurers' liabilities.

Reversed and remanded.

*Franklin, Bigler, Berry & Johnston, P.C.* (by
*Steven C. Berry*), for the plaintiff.

*Brochert & Ward* (by *Michael J. Brochert* and
*David S. Anderson*), for the defendants.

Before: MacKenzie, P.J., and Wahls and Brennan, JJ.

Per Curiam. This case presents questions of the priority of coverage by several no-fault automobile insurance policies, a number of which contain so-called "other insurance" clauses. In August 1986, Priscilla Dunlap, a resident of California, rented an automobile from defendant Budget Rent A Car Systems, Inc. Dunlap was involved in an accident with another motorist, who later brought an action against Dunlap and Budget. The claim was settled for $400,000.

Dunlap was personally insured by Fidelity and Casualty Company of New York under her own automobile liability policy, which provided primary liability coverage in an amount of $15,000. Dunlap also had excess automobile liability coverage in an amount of $85,000 under a policy issued by plaintiff National Indemnity Company. The lease agreement between Dunlap and Budget provided Dunlap with $20,000 in residual bodily injury liability coverage pursuant to MCL 257.520(b)(2); MSA 9.2220(b)(2). Budget was self-insured for this amount, as well as an additional $230,000 for its liability as the owner of the vehicle. Budget also possessed excess liability coverage for amounts over $250,000 through a policy issued by defendant Transamerica Insurance Company with a coverage limit of $1,500,000. Dunlap was also included as an insured under this policy.

The $400,000 settlement was paid by the insurers as follows: (1) Fidelity paid its policy limit of $15,000 on behalf of Dunlap and is not a party to the present action; (2) National paid its policy limit of $85,000 for excess liability coverage on behalf of Dunlap, but reserved its right to contest the amount; (3) Budget paid $20,000, the coverage

limit provided Dunlap by the rental agreement, and $230,000, the amount for which it was self-insured for owners liability; and (4) Transamerica paid $50,000, the balance of the settlement, pursuant to its excess liability policy with Budget and Dunlap.

National thereafter brought this claim against Budget and Transamerica for reimbursement of the $85,000 it had paid toward the settlement. National argued that its coverage was excess to that provided by both Budget and Transamerica and, because those two insurers' policy limits were adequate to satisfy the judgment, National was without liability. National's policy incorporated the terms of the Fidelity policy, which included the following provision:

> [A]ny insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance.

The Transamerica policy, in turn, contains a provision that states its insurance is excess to any other collectible insurance.

National moved for summary disposition pursuant to MCR 2.116(C)(8) and (10). The trial court granted National's motion, apparently pursuant to subsection 10, but provided no explanation of why it believed Budget's and Transamerica's coverage to be primary. Budget and Transamerica now appeal.

The primary issue in this case is whether a court, when confronted with two insurance policies that are claimed to be excess to any other insurance, should look to the intent of the parties as they are reflected in the policies to determine which policy is primarily liable or instead prorate

liability according to the policies' limits. These alternative approaches to determining liability were discussed by our Supreme Court in *Federal Kemper Ins Co, Inc v Health Ins Administration, Inc,* 424 Mich 537, 542-543; 383 NW2d 590 (1986):

> Disputes may arise, as in the instant case, when two or more insurance policies covering the same risk contain [provisions intended to limit liability where other insurance is available]. . . . Two trends have evolved. The majority rule attempts to reconcile the competing provisions by discerning the parties' intent through an analysis of the clauses. . . . Critics of this approach argue that it is circular and that the decision as to which clause is primary depends on which policy is read first. Thus some courts deem the provisions "mutually repugnant" and reject both clauses. . . . Courts adopting this minority view . . . hold that liability must be prorated.

This Court has taken the minority approach on at least two occasions. In *Farm Bureau Mutual Ins Co v Horace Mann Ins Co,* 131 Mich App 98; 345 NW2d 655 (1983), this Court held that liability should be prorated where two competing policies, one containing an escape clause and the other a pro-rata clause, would each have provided coverage had the other policy not existed. In *Mary Free Bed Hosp & Rehabilitation Center v Ins Co of North America,* 131 Mich App 105; 345 NW2d 658 (1983), the same panel that decided *Farm Bureau* declared two conflicting excess insurance clauses mutually repugnant, disregarded them, and directed that liability be prorated on remand. More recently, the minority approach was mentioned favorably by a panel of this Court in *Admiral Ins Co v Columbia Casualty Ins Co,* 194 Mich App 300, 316; 486 NW2d 351 (1992), but the panel found the

rule inapplicable because the two policies at issue did not conflict.[1]

We agree with the minority approach and the rationale for its use expressed in *Farm Bureau, supra.* We also reject National's argument that this case does not present a situation that is ripe for the application of the minority approach because two different named insureds are involved. As National notes elsewhere in its appellate brief, Dunlap is also a named insured under the Transamerica policy. We are unable, however, to determine the correct proration of liability. Although the parties calculate their liability under the minority approach in their appellate briefs, they do not discuss the basis for their assignments of primary coverage, which must first be addressed before excess liability may be prorated.[2] The record provided to this Court does not contain adequate detail of the accident that gave rise to this action to enable us to calculate the amount of primary coverage. We therefore remand this case to the trial court, where the parties' excess insurance liability may be determined consistent with the minority approach we have adopted.

Budget and Transamerica also argue that National is required to pay the full limit of its policy because Dunlap, National's insured, agreed to indemnify Budget for all liability in excess of the $20,000 of coverage provided by the rental agreement. This argument is not properly before us. Although defendants raised this argument in their

---

[1] Because the panel in *Admiral Ins Co* did not have to apply the minority approach to decide the case, it might be argued that the panel's favorable discussion of the minority approach was dicta and not binding on this panel pursuant to Administrative Order No. 1990-6. Nonetheless, we agree that the minority approach should be used.

[2] Budget's and Transamerica's calculations treat Budget's $230,000 of self-insured owner's liability coverage as primary coverage and actually produce a result that is more favorable to National than the result calculated by National.

own motion for summary disposition, the argument was never decided by the trial court. *Sallee v Auto Club Ins Ass'n,* 190 Mich App 305, 308; 475 NW2d 828 (1991). Moreover, defendants did not plead this argument either as an affirmative defense or as a counterclaim. MCR 2.111(F)(3)(c). Finally, Dunlap, the alleged indemnitor, has not been joined as a party.

National claims on appeal that it is entitled to full recovery of the amount it paid toward the settlement because its coverage is excess to that provided by Fidelity, while Fidelity is not liable at all, despite its payment of its policy limit toward the settlement. According to National, the Fidelity policy's nonowned vehicle exclusion excludes coverage in this case. This issue is without merit. National conceded below that the nonowned vehicle exclusion was inapplicable in this case because the exclusion pertained to uninsured motorist coverage, not liability coverage. After examining the Fidelity policy, we see no reason to disagree with National's initial judgment, and National has presented no new arguments on appeal regarding the exclusion.

Reversed and remanded. We do not retain jurisdiction.