CITIZENS INSURANCE COMPANY OF AMERICA v FEDERATED
MUTUAL INSURANCE COMPANY

Docket No. 133540. Submitted October 7, 1992, at Grand Rapids.
Decided April 19, 1993, at 9:10 A.M. Leave to appeal sought.

Citizens Insurance Company of America brought an action in the
Kent Circuit Court against Federated Mutual Insurance Com-
pany, seeking a declaration of their respective liability for
benefits paid as a result of an automobile accident. Albert
Ulrich, who was insured under a policy issued by Citizens that
contained an excess insurance provision with respect to use of
an unowned vehicle, was involved in an accident that resulted
in injury to the driver of the other vehicle and the death of a
passenger in that vehicle. At the time of the accident, Ulrich
was driving a loaned vehicle insured under a garage policy
issued by Federated that contained an escape clause that
provided that coverage was available only if there was no other
available coverage. While each insurer denied liability on the
basis of the provisions in the respective policies, they agreed to
pay settlements with the driver of the other vehicle and the
estate of the passenger, with Citizens paying the $5,000 settle-
ment with the driver and each insurer paying $30,500 to the
estate. The court, Dennis B. Leiber, J., held that the escape
clause in Federated's policy was unenforceable, that Federat-
ed's escape clause and Citizens' excess insurance clause were in
conflict, and that Federated's liability was limited to the cover-
age required by statute, resulting in a total liability for Feder-
ated of $25,000. Federated appealed, and Citizens cross ap-
pealed.

The Court of Appeals *held:*

1. The escape clause in Federated's policy is void because it
violates the requirement of the financial responsibility act that
coverage be provided for permissive users. This situation differs
from that found in *State Farm Mutual Automobile Ins Co v*

REFERENCES

Am Jur 2d, Automobile Insurance §§ 218, 220.

See ALR Index under Automobile Insurance; Garages and Service
Stations.

*Snappy Car Rental, Inc,* 196 Mich App 143 (1992), and, thus, is not controlled by the holding in that case.

2. It is clear that Federated intended that its liability under its policy be limited in these circumstances to the personal protection coverage mandated by statute: $20,000 for each person and $40,000 for each accident. Accordingly, the trial court properly apportioned the respective liability.

Affirmed.

NEFF, J., dissenting, stated that the escape clause in Federated's policy is similar to the provision found valid in *State Farm Mutual Automobile Ins Co v Snappy Car Rental, Inc,* 196 Mich App 143 (1992), which is controlling precedent pursuant to Administrative Order No. 1992-8, 441 Mich lii. However, because of the conflict with the provision in Citizens' policy, liability must be prorated in accordance with the respective coverages.

INSURANCE — AUTOMOBILES — PERMISSIVE USERS — PUBLIC POLICY.

A clause in an insurance policy covering automobiles loaned by a garage to its customers that seeks to deny coverage where there is any other available insurance is void as a matter of public policy because it contravenes the provision of the financial responsibility act mandating coverage of permissive users (MCL 257.520[b][2]; MSA 9.2220[b][2]).

*Bremer, Wade, Nelson, Mabbitt & Lohr* (by *Phillip J. Nelson* and *James H. Lohr*), for the plaintiff.

*Law Offices of Rusch & Prine* (by *Andrew W. Prine*), for the defendant.

Before: GRIFFIN, P.J., and NEFF and CORRIGAN, JJ

GRIFFIN, P.J. Like our dissenting colleague, we are troubled by the decision in *State Farm Mutual Automobile Ins Co v Snappy Car Rental, Inc,* 196 Mich App 143; 492 NW2d 500 (1992). Unlike our colleague, however, we do not believe that *Snappy* controls the outcome of this appeal. Rather, we believe that the escape clause in defendant's policy is void because it violates the requirement of the financial responsibility act, MCL 257.501 *et seq.*;

MSA 9.2201 *et seq.,* that coverage be provided for permissive users. *Tahash v Flint Dodge Co,* 115 Mich App 471, 476; 321 NW2d 698 (1982).

In our view, the case at bar is distinguishable from *Snappy.* The operative distinction is that in *Snappy, supra* at 149-150, it was the permissive user, not the insurer, who made the election that resulted in the prioritization of coverage:

> We resolve this case in accordance with *State Farm* [*Mutual Automobile Ins Co*] *v Auto-Owners* [*Ins Co*], [173 Mich App 51, 54; 433 NW2d 323 (1988)], rejecting the argument that an automobile insurance policy may not contain an exclusion not specifically authorized by the Legislature. Although defendant is not permitted to contract away its statutory obligation to provide residual liability insurance as the owner of a vehicle, or its statutory obligation to provide insurance coverage for permissive users, neither the no-fault act nor the financial responsibility act specifically require [sic] that an owner provide primary residual liability insurance for permissive users. Rather, as in *State Farm v Auto-Owners, supra,* the coverage requirements may be met by the policies of more than one insurer. *Id.,* 54-55.
>
> In this case, we read the clause in defendant's policy not as an attempt to limit the residual liability insurance or first-party benefits, because defendant is obligated to provide coverage consistent with the no-fault act and the financial responsibility act. Rather, we read the clause only as an attempt to establish the priority of coverage *as contracted for by Ms. Davis.* We therefore hold that the provision of defendant's rental agreement in question is not void as violative of the no-fault act. [Emphasis added.]

In the present case, defendant has through its own policy provisions attempted to exclude from coverage a class of permissive users who have

their own coverage in excess of the legal financial responsibility requirements. For the reasons stated in *Tahash,* defendant's attempt to dictate the coverage issue in this fashion is void because it contravenes MCL 257.520(b)(2); MSA 9.2220(b)(2), which mandates coverage of permissive users. We agree with the dissent that defendant is liable only up to the $20,000/$40,000 requirement of the statute. Accordingly, we affirm the decision of the circuit court.

Affirmed.

CORRIGAN, J., concurred.

NEFF, J. *(dissenting).* I respectfully dissent. I would reverse the judgment and remand this case to the trial court for a determination, consistent with this opinion, of the pro-rata share of each party.

I

This case involves a dispute over the significance of conflicting language appearing in two automobile insurance policies. On November 18, 1986, Arthur Ulrich took his vehicle to VanderHyde Oldsmobile-Pontiac-GMC Trucks for repair and was given a "loaner" automobile to drive. After leaving VanderHyde, Ulrich was involved in an automobile accident that killed him and injured the driver and killed a passenger in another car. At the time of the mishap, the loaner automobile that Ulrich was driving was owned by VanderHyde and was insured by Federated Mutual Insurance Company pursuant to a garage policy of automobile insurance. This garage policy contained the following language, on which the present dispute centers:

D. WHO IS AN INSURED.

1. For Covered Autos.

a. You are an insured for any covered auto.

b. Anyone else is an insured while using with your permission a covered auto except:

(1) The owner of a covered auto you hire or borrow from one of your employees or a member of his or her household.

(2) Someone using a covered auto while he or she is working in a business of selling, servicing, repairing or parking or storing autos unless the business is your garage operations.

(3) Your customers, if your business is shown in ITEM ONE of the declarations as an auto dealership. However, if a customer of yours:

(a) Has no other available insurance (whether primary, excess or contingent) he or she is an insured but only up to the compulsory or financial responsibility law limits where the covered auto is principally garaged.

(b) Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered auto is principally garaged, he or she is an insured only for the amount by which the compulsory or financial responsibility law limits exceed the limits of his or her other insurance.

Ulrich was insured by Citizens Insurance Company of America pursuant to a policy of automobile liability insurance with residual bodily injury liability limits of $100,000/$300,000. The Citizens policy contained the following language:

If there is Other Insurance.

The Company shall not be liable under this Section Two for a greater proportion of any loss than the applicable limit of liability stated in the Declarations bears to the total applicable limit of liability of all collectible insurance against such loss; provided, however, the insurance with respect

to a temporary substitute automobile or a non-owned Automobile shall be excess insurance over any other collectible insurance.

During the resolution of claims arising from the accident, Federated asserted that Ulrich was not an insured under its policy with VanderHyde and, therefore, that Citizens was liable for the entire amount of the settlements with the driver and the estate of the passenger of the vehicle struck by Ulrich. Citizens contended that Federated's policy covered Ulrich and was primary. Citizens and Federated agreed to pay the settlements and then litigate the coverage dispute. The injured driver was paid $5,000 by Citizens, and the personal representative of the deceased passenger was paid $30,500 each by Citizens and Federated, for a total of $61,000. Both parties agreed that the settlements were fair, reasonable, and necessary under the circumstances. However, they dispute the legal effect of the two insurance policy provisions quoted above, with each party believing that the other should be liable for payment of the settlement amounts.

The trial court decided that the above-quoted exclusionary language contained in Federated's garage policy was unenforceable because it operated "to exclude people of the class of plaintiff's insured." The court recognized a conflict between Federated's "escape clause" and Citizens' "excess clause" and, adopting the so-called "majority rule," determined that Federated was responsible for the first $20,000 of the $61,000 settlement, and the full $5,000 of the $5,000 settlement. The trial court concluded that because Federated had already contributed a total of $30,500 to the settlements, Citizens owed Federated reimbursement of $5,500, the amount stated in the declaratory judgment.

II

Federated argues that the trial court erred in concluding that the exclusionary language contained in its policy did not comply with the provisions of Michigan's financial responsibility act, MCL 257.501 *et seq.*; MSA 9.2201 *et seq.*, as adopted by the no-fault act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.*, and, thus, was against public policy. It claims that this language has never been tested by any Michigan court, is expressly sanctioned by MCL 257.520(i) and (j); MSA 9.2220(i) and (j), and, thus, is consistent with public policy.

Citizens argues that when the provisions of the no-fault act and the financial responsibility act are read in conjunction, it is clear that the residual liability coverage that VanderHyde purchased from Federated was required by law to insure Ulrich. Consequently, Citizens argues that Federated's escape clause must be rejected because it contravenes the requirements of the no-fault act and the financial responsibility act. I agree with the majority opinion that Federated's escape clause is unenforceable. However, unlike my colleagues in the majority, I believe that *State Farm Mutual Automobile Ins Co v Snappy Car Rental, Inc,* 196 Mich App 143; 492 NW2d 500 (1992), controls the outcome of this case.

Exclusionary clauses are to be strictly construed against the insurer and will be enforced only if they do not contravene public policy. *Farm Bureau Mutual Ins Co of Michigan v Stark,* 437 Mich 175, 181; 468 NW2d 498 (1991); *Tahash v Flint Dodge Co,* 115 Mich App 471, 476; 321 NW2d 698 (1982).

The exclusionary clause from Federated's garage policy comprises an "escape" or "no liability" clause because it provides that there shall be no

liability if the risk is covered by other insurance. *Federal Kemper Ins Co, Inc v Health Ins Administration, Inc,* 424 Mich 537, 542; 383 NW2d 590 (1986); *Automobile Underwriters, Inc v Fireman's Fund Ins Cos,* 874 F2d 188, 193 (CA 3, 1989). Merely because Federated's clause did not exonerate it from liability with respect to those individuals without the minimum coverage required under Michigan law does not mean that the clause is not an escape clause. Such clauses should be viewed as applied to the facts, and not in a hypothetical manner. When so viewed, Federated's clause purports to exempt it from liability with regard to Ulrich and therefore constitutes an escape clause under these facts. *Id.*

By contrast, Citizens' clause provides for payment of that portion of the claim that remains unpaid once other insurance coverage is exhausted and therefore constitutes a classic excess clause. *Federal Kemper, supra; Automobile Underwriters, supra.*

Section 3101(1) of the no-fault act, MCL 500.3101(1); MSA 24.13101(1), provides in pertinent part:

> The owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance.

The scope of liability coverage required in an insurance policy is determined by reference to Michigan's financial responsibility act, which sets forth a "broad requirement of liability insurance." *League General Ins Co v Budget Rent-A-Car of Detroit,* 172 Mich App 802, 805; 432 NW2d 751 (1988). Where an insurance policy contains an

exclusionary clause that was not contemplated by the Legislature, that clause is generally invalid and unenforceable. *State Farm v Snappy Car Rental, supra,* p 147; *League General, supra.*

Also applicable in this connection is § 520(b)(2) of the financial responsibility act, MCL 257.520(b) (2); MSA 9.2220(b)(2), which provides:

> Such owner's policy of liability insurance:
>
> \* \* \*
>
> (2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada, subject to limits exclusive of interest and costs, with respect to each such motor vehicle, as follows: $20,000.00 because of bodily injury to or death of 1 person in any 1 accident and, subject to said limit for 1 person, $40,000.00 because of bodily injury to or death of 2 or more persons in any 1 accident, and $10,000.00 because of injury to or destruction of property of others in any 1 accident . . . .

The statutory and case-law authority of this state thus clearly requires that an owner's policy such as that issued by Federated provide residual liability insurance for permissive users. The sole remaining question is whether Federated could validly exclude such coverage to someone such as Ulrich by means of its escape clause. That Federated could not do so validly appears to have been established by this Court in *Tahash, supra,* pp 475-476, where an escape clause similar to Federated's was found void because it contravened MCL 257.520(b)(2); MSA 9.2220(b)(2). However, in *State*

*Farm Mutual Automobile Ins Co v Auto-Owners Ins Co,* 173 Mich App 51; 433 NW2d 323 (1988), this Court upheld an exclusion in a garage liability policy issued by Auto-Owners for a rental vehicle where the renter of the vehicle had purchased a special rental rider from his own insurance company, State Farm. In upholding the exclusion, this Court, citing MCL 257.520(j); MSA 9.2220(j), noted that the statutory coverage requirements for a motor vehicle may be fulfilled by the policies of more than one insurance carrier. *Id.,* p 55.

In *State Farm v Snappy Car Rental, supra,* a case that I believe is controlling, a panel of this Court reaffirmed the holding in *State Farm v Auto-Owners.* Snappy Car's rental agreement provided the renter of an automobile with the option of paying an additional amount for insurance coverage by Snappy or of agreeing that insurance coverage would be provided by the renter's existing insurance. The renter chose to provide coverage through her own insurer, State Farm. The renter's policy with State Farm provided that there was no coverage if, inter alia, there was other liability coverage. As noted in the majority opinion, the *State Farm v Snappy Car Rental* Court stated:

> We resolve this case in accordance with *State Farm v Auto-Owners, supra,* rejecting the argument that an automobile insurance policy may not contain an exclusion not specifically authorized by the Legislature. Although [Snappy] is not permitted to contract away its statutory obligation to provide residual liability insurance as the owner of a vehicle, or its statutory obligation to provide insurance coverage for permissive users, neither the no-fault act nor the financial responsibility act specifically require [sic] that an owner provide primary residual liability insurance for permissive

users. Rather, as in *State Farm v Auto-Owners,*
*supra,* the coverage requirements may be met by
the policies of more than one insurer. *Id.,* 54-55.

In this case, we read the clause in [Snappy's]
policy not as an attempt to limit the residual
liability insurance or first-party benefits, because
[Snappy] is obligated to provide coverage consis-
tent with the no-fault act and the financial respon-
sibility act. Rather, we read the clause only as an
attempt to establish the priority of coverage as
contracted for by [the renter]. We therefore hold
that the provision of [Snappy's] rental agreement
in question is not void as violative of the no-fault
act. [*Id.,* pp 149-150.]

Like my colleagues in the majority, I read MCL
500.3101(1); MSA 24.13101(1) and MCL 257.520(b)
(2); MSA 9.2220(b)(2) to require that an owner's
policy of liability insurance provide primary resi-
dual liability insurance for any permissive user.
To find that less is required, as did the panels of
this Court in the *State Farm* cases, is to deny
effect to the requirement of MCL 257.520(b)(2);
MSA 9.2220(b)(2) that an owner's policy "[s]hall
*insure* the person named therein and *any other*
*person* . . . using any such motor vehicle with the
. . . permission of such named insured."

I also disagree sharply with the *Snappy* Court's
finding that the clause in the defendant's policy is
not an attempt to limit residual liability insurance
or first-party benefits but rather is to be construed
"only as an attempt to establish the priority of
coverage." By establishing the priority of coverage,
the defendant in *Snappy,* by definition, is attempt-
ing to limit its liability.

If I, like my colleagues in the majority, believed
that the *Snappy* case were not binding, I would
agree with the majority opinion that Federated's
escape clause is void as a matter of public policy

because it violates the financial responsibility act. *Tahash, supra,* p 476. However, I believe that I am bound by Administrative Order No. 1990-6, 436 Mich lxxxiv, as extended by Administrative Order No. 1991-11, 439 Mich cxliv, as extended by Administrative Order No. 1992-8, 441 Mich lii, to follow the rule of law set forth in *Snappy.* Therefore, only because I believe that I am required to do so by the administrative order, I would find that the escape clause in Federated's policy does not violate the no-fault or financial responsibility acts. I read the *Snappy* opinion more broadly than my colleagues in the majority and believe that the fact that the permissive user and not the insurer in *Snappy* made the election that resulted in prioritization of coverage is irrelevant and does not affect the rule of law established by the *Snappy* opinion that an owner, in effect, can contract away the statutory requirement to provide coverage for permissive users.

III

If I agreed with the majority opinion, there would be no need for me to discuss how to reconcile the competing provisions in the insurance contracts. However, because I feel compelled by the administrative order to find that Federated's escape clause is valid, I must determine how Federated's and Citizens' policies interrelate because of the conflict between Federated's escape clause and Citizens' excess clause.

In *Nat'l Indemnity Co v Budget Rent A Car Systems, Inc,* 195 Mich App 186, 189; 489 NW2d 175 (1992), a panel of this Court, quoting from *Federal Kemper Ins Co, Inc, v Health Ins Administration, Inc,* 424 Mich 537, 542-543; 383 NW2d 590 (1986), discussed alternative approaches to deter-

mining liability when two insurance policies contain provisions intended to limit liability where other insurance is available:

> Disputes may arise, as in the instant case, when two or more insurance policies covering the same risk contain [provisions intended to limit liability where other insurance is available]. . . . Two trends have evolved. The majority rule attempts to reconcile the competing provisions by discerning the parties' intent through an analysis of the clauses. . . . Critics of this approach argue that it is circular and that the decision as to which clause is primary depends on which policy is read first. Thus some courts deem the provisions "mutually repugnant" and reject both clauses. . . . Courts adopting this minority view . . . hold that liability must be prorated.

The trial court in this case applied the majority rule and attempted to reconcile the competing provisions by discerning the parties' intent through an analysis of the clauses. However, this Court in *Nat'l Indemnity Co* adopted the minority view, which deems the provisions to be mutually repugnant, rejects both clauses, and holds that liability must be prorated. I agree with the minority approach adopted by this Court in *Nat'l Indemnity Co.* Accordingly, I would find that liability is to be prorated between the parties.

IV

The final issue to be resolved is whether Federated is liable up to the limits of its policy, $500,000, or only to the $20,000/$40,000 coverage required by statute. The overall intent of the portion of Federated's insurance policy in which the exclusionary language appears is to limit exposure for liability to a customer to the minimum

amount required by statute, here, $20,000/$40,000. Thus, if Ulrich had had no insurance of his own, his recovery under Federated's policy would have been limited to those amounts. This is the coverage that VanderHyde paid for and that it should have known it was getting. VanderHyde did not pay for coverage in excess of $20,000/$40,000 with respect to the challenged portion of Federated's insurance policy.

I would reverse the judgment and remand this case to the trial court for a determination of each party's pro-rata share and for entry of a judgment consistent with this opinion.