STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v
ENTERPRISE LEASING COMPANY

Docket No. 168790. Submitted March 29, 1994, at Lansing. Decided
June 20, 1994, at 9:55 A.M. Leave to appeal sought.

State Farm Mutual Automobile Insurance Company brought an
action in the Wayne Circuit Court against Enterprise Leasing
Company, seeking a declaration of their respective liability for
damages suffered by third parties when an automobile rented
from the defendant by the plaintiff's insured was involved in an
accident. The rental agreement provided that the primary
residual coverage would be provided by the renter's insurer
rather than the defendant. The court, Roland L. Olzark, J.,
granted summary disposition for the plaintiff, holding that the
defendant, as the owner of the vehicle, had the primary respon-
sibility to provide residual liability insurance. The defendant
appealed. The Court of Appeals, WEAVER, P.J., and JANSEN, J.
(MURPHY, J., concurring), in an unpublished opinion per cu-
riam, decided September 30, 1993 (Docket No. 150077), reversed
and remanded, the majority doing so only because of being
required by Administrative Order No. 1990-6 to follow the
holding in State Farm Mutual Automobile Ins Co v Snappy Car
Rental, Inc, 196 Mich App 143 (1992). The Court of Appeals
granted the plaintiff's petition to convene a special panel to
resolve the question "whether . . . a rental car company may
include in its rental agreement an option allowing the permis-
sive user of a vehicle to provide his or her own primary
residual liability insurance . . . or whether the car rental
company must provide primary residual liability insurance for
a permissive user."

In an opinion by Judge MURPHY, joined by Chief Judge
DOCTOROFF and Judges HOLBROOK, JR., MACKENZIE, HOOD,
GRIBBS, SAWYER, and FITZGERALD, the Court of Appeals held:

A car rental company may include in its rental agreement an
option allowing the permissive user of a vehicle to provide the
primary residual liability insurance in accordance with the

REFERENCES

Am Jur 2d, Automobile Insurance §§ 24, 28, 238, 283, 353.
See ALR Index under Automobile Insurance.

holding in *State Farm Mutual Automobile Ins Co v Snappy Car Rental, Inc,* 196 Mich App 143 (1992).

Reversed and remanded.

Judge WEAVER, joined by Judges WAHLS, GRIFFIN, NEFF, and TAYLOR, dissenting, stated that the trial court's order of summary disposition should be affirmed because a car rental company, as owner of the vehicle, has a statutory duty to provide primary residual liability insurance for any permissive user.

INSURANCE — RENTAL VEHICLES — OPTIONAL COVERAGE — PRIORITY OF COVERAGE.

A car rental company may provide in its rental agreement that the renter of a vehicle has the option of refusing bodily injury and property damage insurance coverage by the rental company and supplying that coverage independently; such a clause establishes priority of coverage where there is other coverage for the rented vehicle.

*Romain, Donofrio, Kuck & Egerer, P.C.* (by *Ernst W. Kuck*), for the plaintiff.

*Gofrank & Kelman* (by *Thomas M. Douglas*), for the defendant.

Amicus Curiae:

*Siemion, Huckabay, Bodary, Padilla, Morganti & Bowerman, P.C.* (by *Charles A. Huckabay* and *Donna M. Severyn*), for Snappy Car Rental, Inc. ·

Before: DOCTOROFF, C.J., and HOLBROOK, JR., MACKENZIE, WAHLS, HOOD, GRIBBS, SAWYER, WEAVER, MURPHY, GRIFFIN, NEFF, FITZGERALD, and TAYLOR, JJ.

MURPHY, J. This case is before us for a resolution pursuant to Administrative Order No. 1990-6 of a conflict in the decisions of the Court of Appeals. In the previous opinion in this case, *State Farm Mutual Automobile Ins Co v Enterprise Leasing Co,* unpublished opinion per curiam of the Court of Appeals, decided September 30, 1993

(Docket No. 150077), this Court reversed the trial court's summary disposition in favor of plaintiff on the basis of the prior decision from this Court in *State Farm Mutual Automobile Ins Co v Snappy Car Rental, Inc,* 196 Mich App 143; 492 NW2d 500 (1992). Pursuant to Administrative Order No. 1990-6, we vacated the decision in this case pending resolution by this panel.

The question certified for this panel is as follows:

> [W]hether pursuant to MCL 500.3101(1); MSA 24.13101(1) and MCL 257.520(b)(2); MSA 9.2220(b)(2) a car rental company may include in its rental agreement an option allowing the permissive user of a vehicle to provide his or her own primary residual liability insurance, as found in *State Farm Mutual Automobile Ins Co v Snappy Car Rental, Inc,* 196 Mich App 143; 492 NW2d 500 (1992), lv den 442 Mich 883 (1993); or whether the car rental company must provide primary residual liability insurance for a permissive user pursuant to its policy of insurance, as would have been the holding in *State Farm Mutual Automobile Ins Co v Enterprise Leasing Co,* unpublished per curiam of the Court of Appeals, decided September 30, 1993 (No. 150077), absent Administrative Order 1990-6.

We conclude that *State Farm Mutual v Snappy Car Rental, supra,* is the appropriate resolution and, accordingly, reverse the trial court's grant of summary disposition in favor of plaintiff-appellee.

Reversed and remanded.

DOCTOROFF, C.J., and HOLBROOK, JR., MACKENZIE, HOOD, GRIBBS, SAWYER, and FITZGERALD, JJ., concurred.

WEAVER, J. *(dissenting).* We agree with the majority's careful statement of the issue before us,

but dissent because we would reach a different resolution.

We would hold instead that under MCL 500.3101(1); MSA 24.13101(1) and MCL 257.520(b)(2); MSA 9.2220(b)(2) an owner's policy of liability insurance is required to provide primary residual liability insurance for any permissive user. The arguments in support of this position were set forth in *State Farm Mutual Automobile Ins Co v Enterprise Leasing Co,* unpublished opinion per curiam of the Court of Appeals, decided September 30, 1993 (No. 150077) (set forth in full in the appendix to this opinion), and the dissent in *Citizen's Ins Co of America v Federated Mutual Ins Co,* 199 Mich App 345, 348; 500 NW2d 773 (1993).

Although we are cognizant of the policy arguments on both sides of this issue, we feel that the merits of these arguments should be addressed by the Legislature rather than this Court.

We would affirm.

WAHLS, GRIFFIN, NEFF, and TAYLOR, JJ., concurred.

### APPENDIX

---

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

          Plaintiff-Appellee,

v

ENTERPRISE LEASING COMPANY,

          Defendant-Appellant,

September 30, 1993

No. 150077

---

Before: WEAVER, P.J., and MURPHY and JANSEN, JJ.

PER CURIAM. Ladonna Teasley rented a car from defendant Enterprise Leasing Company to use while her car was being repaired. While driving the rental car, Teasley was involved in an accident. The resulting personal injury claims were settled, and the claims paid by Teasley's automobile insurer and Enterprise. Now State Farm Mutual Automobile Insurance Company has brought suit against Enterprise to determine who is responsible for the damages. Both State Farm and Enterprise moved for summary disposition, each arguing that the other was the primary insurer responsible for providing residual liability insurance for the accident. The trial court granted summary disposition in favor of State Farm. Enterprise now appeals. We reverse and remand.

In the rental agreement Teasley signed, she warranted that she had insurance through State Farm and agreed to provide insurance for the rental vehicle and hold Enterprise harmless.

State Farm's policy provided residual liability coverage only if there was no other coverage available and excluded coverage if the insured was driving a car owned by a car business if there was other insurance to cover the vehicle. State Farm also argued that Enterprise's rental agreement was void because it violated certain statutory provisions: MCL 257.520(b)(2); MSA 9.2220(b)(2), MCL 500.3101; MSA 24.13101, MCL 500.3131; MSA 24.13131, and MCL 500.3135; MSA 24.13135.

I

Enterprise first asserts that the requirements of the Michigan financial responsibility act are not violated by the provision in its rental agreement. Enterprise points out that the renter agreed to provide her own insurance coverage for the vehi-

cle, and Enterprise still assumed financial responsibility for the rental vehicle on an excess basis to the primary personal liability insurance coverage of the renter.

This case involves the requirements of the no-fault act and the financial responsibility law relating to vehicle ownership. Section 3101(1) of the no-fault act, MCL 500.3101(1); MSA 24.13101(1), provides as follows:

> The owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance. Security shall be in effect continuously during the period of registration of the motor vehicle.

Section 520(b)(2) of the financial responsibility portion of the Vehicle Code, MCL 257.520(b)(2); MSA 9.2220(b)(2), states that an owner's automobile liability insurance policy

> [s]hall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle.

The question is whether the owner of a vehicle must always be primarily responsible for insuring against liability resulting from vehicle accidents, or whether the owner of a vehicle may contract or agree that the driver of the vehicle will be primarily responsible for liability insurance.

We are bound by Administrative Order No. 1990-6 to follow the recent case of *State Farm*

*Mutual Automobile Ins Co v Snappy Car Rental, Inc,* 196 Mich App 143; 492 NW2d 500 (1992). *Snappy* held that a person signing a short-term rental agreement for a vehicle can agree that his personal automobile insurance contract will provide primary liability coverage for accidents that occur while he has the rented vehicle and that such an agreement was not void.

We disagree with *Snappy* and, if not bound to follow it, would hold that an owner's policy of liability insurance is required to provide primary residual liability insurance for any permissive user. MCL 500.3101(1); MSA 24.13101(1) and MCL 257.520(b)(2); MSA 9.2220(b)(2).

II

The next issue is whether the State Farm policy provides coverage for the accident. State Farm argues that both State Farm and Enterprise are primary insurers with conflicting "excess" or "escape" clauses and, therefore, that each is required to pay a pro-rata share. Enterprise argues that Teasley signed an agreement stating that her personal automobile insurance contract would provide coverage for the rented vehicle.

State Farm's policy contains an "other insurance" clause,[1] which provides that if a temporary substitute car has other vehicle liability coverage on it, State Farm's coverage is excess. As we have seen, Enterprise's rental agreement also provides that its coverage is excess.

When there are two competing policies, each

---

[1] Temporary Substitute Car: Non-Owned Car, Trailer.

If a temporary substitute car, a non-owned car or a trailer designed for use with private passenger car or utility vehicle has other similar vehicle liability coverage on it, then these coverages are excess.

containing an excess clause, each of which would have provided coverage had the other policy not existed, liability should be prorated according to the policies' limits. *Nat'l Indemnity Co v Budget Rent A Car Systems, Inc,* 195 Mich App 186; 489 NW2d 175 (1992).

Accordingly, we reverse the court's order of summary disposition in favor of State Farm. We remand for calculation of the proper pro-rata liability of each party and entry of an order consistent with this opinion. We do not retain jurisdiction.

MURPHY, J., *(concurring).* I concur in the result reached by the majority. I write separately because I do not share the majority's disagreement with *State Farm Mutual Automobile Ins Co v Snappy Car Rental, Inc,* 196 Mich App 143; 492 NW2d 500 (1992).

In *Snappy Car Rental,* the defendant car rental company was self-insured. A provision in the defendant's car rental agreement permitted the person renting the car to opt to provide primary residual liability insurance. The plaintiff in that case contended that the provision in the defendant's car rental contract was void because the effect of the provision was to shift the responsibility of providing primary residual liability insurance to the permitted user. The plaintiff further argued that the provision was void because it is not specifically permitted by the no-fault act. This Court held that the provision of the rental agreement was not void as violative of the no-fault act because the provision simply stated the *priority of coverage* as contracted for by the person renting the car. Although the defendant was not permitted to contract away its statutory obligation to provide residual liability insurance as the owner of the

car, nor its obligation to provide insurance coverage for permitted users, this Court was constrained to acknowledge that neither the no-fault act nor the financial responsibility act specifically requires an owner to provide *primary* residual liability insurance for permitted users. Rather, these coverage requirements may be met by the policies of more than one insurer. *Snappy Car Rental, supra,* 150; *State Farm Mutual Automobile Ins Co v Auto-Owners Ins Co,* 173 Mich App 51, 54-55; 433 NW2d 323 (1988).

The majority expresses disagreement with this Court's decision in *Snappy Car Rental,* and *Snappy Car Rental* has on at least one other occasion raised concerns by this Court. See *Citizens Ins Co of America v Federated Mutual Ins Co,* 199 Mich App 345; 500 NW2d 773 (1993). I believe that this arises from confusion concerning the holding in *Snappy Car Rental.* The majority in this case states that "*Snappy* held that a person signing a short-term rental agreement for a vehicle can agree that his personal automobile insurance contract will provide primary liability coverage for accidents that occur while he has the rented vehicle and that such an agreement was not void." *Supra,* p 13. The majority adds that absent the decision in *Snappy Car Rental,* it would hold that an owner's policy is required to provide primary residual liability insurance for a permissive user, relying upon MCL 500.3101(1); MSA 24.13101(1) and MCL 257.520(b)(2); MSA 9.2220(b)(2).

Actually, *Snappy Car Rental* held merely that if a car rental company includes in its car rental contract an optional provision whereby the renter may provide primary residual liability, this provision is not void as violative of the no-fault act. A review of the statutory authority relied upon by the majority demonstrates that such a provision is

not precluded. Section 3101(1) of the no-fault act, MCL 500.3101(1); MSA 24.13101(1), requires the owner of a motor vehicle to provide residual liability insurance. Section 520(b) of the Vehicle Code (the financial responsibility act), MCL 257.520(b); MSA 9.2220(b) requires the owner of a motor vehicle to provide insurance coverage for permitted users of the vehicle. While an exclusionary clause of an insurance policy that conflicts with the liability coverage required by the no-fault act is invalid, *State Farm Mutual Automobile Ins Co v Ruuska,* 412 Mich 321, 336; 314 NW2d 184 (1982), there is no indication that the provision in question in the car rental agreement conflicts with the coverage required by the no-fault act. The owner is still obligated to provide all the coverage required by the no-fault act. Again, the car rental agreement only dictates the *priority* of coverage. If the lessee or permissive user fails to abide by the terms of the rental agreement by neglecting to obtain adequate insurance coverage, or any insurance at all, the car rental company would remain liable to an injured party to provide residual liability coverage as required by MCL 500.3101(1); MSA 24.13101(1) and MCL 257.520(b)(2); MSA 9.2220(b)(2).

Our goal when interpreting a statute is to discern and give effect to the intent of the Legislature. *Great Lakes Sales, Inc v State Tax Comm,* 194 Mich App 271, 275; 486 NW2d 367 (1992). If the meaning of statutory language is clear, then judicial construction of the language is neither necessary nor permitted. *Lorencz v Ford Motor Co,* 439 Mich 370, 376; 483 NW2d 844 (1992). Because neither the no-fault act nor the financial responsibility act specifically requires an owner to provide *primary* residual liability insurance for permitted users, I do not believe that this requirement may be imposed upon the defendant.